Hall vs. The City of Fond du Lac.

HALL vs. THE CITY OF FOND DU LAC.

INJURIES FROM DEFECTIVE HIGHWAY. *(1) Notice to city. (2) Theoretic medical evidence: Instructions. (3) Damages.*
REVERSAL OF JUDGMENT: *(4) For inaccurate instructions.*

1. In an action for injuries to plaintiff's person caused by her stepping through a hole in a sidewalk, evidence that the walk was on one of the principal thoroughfares of the defendant city, and that the hole had existed there for several months, warranted the jury in finding the city chargeable with notice of the defect.

2. There being no testimony that plaintiff was predisposed to disease of any kind, but positive testimony that prior to the accident she was healthy, strong and robust, a medical witness produced by defendant, who had heard a portion of the evidence as to her subsequent condition of ill health and uterine derangement, but had made no medical examination of the plaintiff, and knew nothing about the actual condition of her health before the accident, testified that his idea was that she might have suffered unconsciously from some previous uterine disease, or been predisposed to such disease, and that the accident acted as an exciting cause to develop it. *Held*, that an instruction asked by the city as to the rule of damages in case the jury should find that plaintiff was predisposed to disease, etc., was properly refused, there being no evidence to warrant such a finding.

3. A verdict in plaintiff's favor for $3,258 *held* not excessive, it appearing satisfactorily that her injury was of a very serious if not permanent char-

acter, and would probably render her unable to do any continuous hard work for years, or perhaps for life.

4. Inaccuracies in the charge of the court, which could not have misled the jury or injured the appellant, are no ground for reversal.

APPEAL from the Circuit Court for *Outagamie* County.

Action for injuries to the person sustained by the plaintiff, *Minnie A. Hall*, in consequence of the defective condition of a sidewalk of the defendant city. The walk in question was upon Division street, one of the principal streets of the city, and was composed of wooden planks running lengthwise with the street; the defect was a hole therein, three feet long, and three and three-quarter inches wide in the middle, diminishing in width toward each end; and the elevation of the upper surface of the planks above the ground at that place was about twenty-two inches. The plaintiff, walking upon said walk toward the post-office, between seven and eight o'clock P. M., of September 18, 1873, in company with her mother and younger brother, suddenly stepped into this hole, her foot and leg to the knee passing through it, and was violently thrown backward upon the sidewalk. The general effect of the evidence as to the nature and extent of the injuries suffered is sufficiently stated in the opinion, as is also the evidence introduced by the plaintiff in respect to the length of time that the sidewalk had been in a defective condition. As bearing upon the question of damages, it may be stated that plaintiff's evidence tended to show that at the time of the accident she was nineteen years of age, weighed 135 pounds, and had always been healthy, strong and robust, and was then working in a paper mill at good wages; that at the time of the trial (which was in June, 1876), she weighed only 117 pounds, and her health had been poor during the whole intervening period; that she suffered from almost constant pain in the back, and from frequent, irregular and excessive flowing, which first occurred the next morning after the accident; that her stomach was also weak and deranged, so that she was subject to frequent

vomiting, sometimes of a bloody character; that she could not do any work, could not lift a pail of water, nor sweep, nor wash; that she could sew a little, but could not sit still long without its hurting her back, which was also the result if she walked far; and that she would probably never recover, at least not entirely, from the effects of the injury.

The court charged the jury, among other things, substantially as follows: That it was the legal duty of the defendant city to see that its sidewalks along its public streets were kept in good repair and in a safe condition to walk upon, in all parts of the walk, and it was liable for damages if it neglected to repair defects of which it had notice; that if the hole here in question was on one of the public streets generally used as a thoroughfare, and was plain to be seen, and had remained so for a few weeks at least, the jury would be warranted in presuming that the city had notice of it, though the city is not liable for latent defects which might be revealed only by the accident itself; that where there was positive testimony that the hole existed at a certain time before the accident, and that the witness fell through it, the fact was hardly disproved by the production of a witness who testified that he walked along the sidewalk and did not observe any hole; that it was contended in defendant's behalf that plaintiff ought not to recover if she contributed to the injury by her own negligence, and as a proposition of law that was correct; that if plaintiff knew the hole was there, and purposely and [or] carelessly stepped into it and received an injury, she could not recover; but that if she did not know that the hole was there, and walked along in the evening without seeing it, and fell through it, that was hardly a case of contributory negligence, but, to make such a case, she must have known something of its existence, or seen it immediately at the time, and have taken [no?] pains to avoid it; and that a person, in passing along a sidewalk, has a right to presume that it is in the condition which the law requires, in all its breadth as well as

in its length, and is not obliged to confine his eyes so as to see that each footstep is going to fall upon a safe place. In respect to the measure of damages, the court charged, in substance, that it was claimed by defendant that there was a predisposition to some disease, undeveloped, to which plaintiff was subject, which was excited and developed by this injury and contributed to her subsequent condition of health; that upon this, as an abstract scientific question, some testimony had been given by some of the medical experts, to the effect that such a predisposition might have contributed, and probably did contribute, to the subsequent condition of plaintiff's health; that plaintiff was entitled to recover for " all the injury that was sustained from her falling through this sidewalk, as a cause of her subsequent condition;" and that "a predisposition of health formed no consideration to detract or abate from the right to recover, if plaintiff's subsequent condition was traced to, or was caused by, this accident." The judge then read to the jury, as a correct statement of the law, a portion of the opinion of this court in *Stewart v. City of Ripon*, 38 Wis., on p. 591.

The instruction asked by defendant and refused, is recited in the opinion, *infra*.

The plaintiff had a verdict for $3,258 damages; a new trial was denied; and defendant appealed from a judgment on the verdict.

*W. H. Hurley*, for the appellant, argued, 1. That a defect in the highway must be palpably dangerous, and must have existed for a long time, before a jury can presume notice to the city, or infer negligent supervision (*Manchester v. Hartford*, 30 Conn., 118); that the evidence here did not show such a defect existing for such a length of time; and that the court erred for that reason in denying the motion for a nonsuit.  2. That the court erred in refusing the third instruction asked by the defendant (for which see the opinion, *infra*), and also in many of the instructions actually given.  3. That the

Hall vs. The City of Fond du Lac.

damages were excessive. Sedgw. on Dam., 762, and cases there cited; *Spicer v. Railway Co.*, 29 Wis., 580.

For the respondent, briefs were filed by *Gilson & Ware*, and there was oral· argument by *N. S. Gilson.* They contended, among other things, 1. That the evidence was sufficient to charge the city with liability for the condition of the sidewalk. When the defect is an ordinary result of the use of the walk, which ought to be anticipated or guarded against by occasional examination, the omission to make such examination and to keep the walk in repair renders the city liable. *McCarthy v. Syracuse*, 46 N. Y., 194; *Irvine v. Wood*, 51 id., 224. It is enough if the defect was of such a character, and had existed for such a length of time, that the authorities could and ought to have seen it. *Colby v. Beaver Dam*, 34 Wis., 285; *Jaquish v. Ithaca*, 36 id., 108; *Weisenberg v. Appleton*, 26 id., 56; *Todd v. Troy*, 61 N. Y., 506; *Worster v. R. R. Co.*, 50 id., 203; *Hart v. Brooklyn*, 36 Barb., 226; *Boucher v. New Haven*, 40 Conn., 456; *Cusick v. Norwich*, id., 375; *Lobdell v. New Bedford*, 1 Mass., 153; *Doulon v. Clinton*, 33 Iowa, 399; *Mayor v. Sheffield*, 4 Wall., 189; *Mersey Docks' Trustees v. Gibbs*, 11 H. L. Cas., 687–701; L. R., 1 H. L., 93; 1 H. & N., 493. Unless the defect is latent, or produced by some sudden or extraordinary cause, or contributory negligence is shown, the liability of the city is absolute; and a *prima facie* case is made for the plaintiff when he establishes the· defect and an injury received in consequence thereof. *Ward v. Jefferson*, 24 Wis., 342; *Burns v. Elba*, 32 id., 605; *Merrill v. Hampden*, 26 Me., 234; *Howe v. Castleton*, 25 Vt., 162; *Mayor v. Sheffield, supra.* 2. That there was no error in refusing the instruction asked by defendant as to the rule of damages in case the jury should find that plaintiff was predisposed to uterine disease: (1) Because there was no evidence to sustain such a finding. (2) Because, the law is otherwise. Not the predisposing condition, but the exciting cause, the law holds to be the proximate cause of sickness and disease result-

ing from an injury occasioned by negligence. *Oliver v. La Valle*, 36 Wis., 592; *Stewart v. Ripon*, 38 id., 584. If plaintiff's injury was preceded by several independent conditions, each of which was an essential antecedent, this will not relieve the person whose negligence produced one of those antecedents. Wharton on Negligence, § 85, and cases there cited, and § 303.

CoLE, J. At the close of the plaintiff's case the defendant moved for a nonsuit, for the reason that there was no evidence to warrant the jury in finding that the officers or agents of the city had notice of the defect in the sidewalk, and because the proof did not show that the injuries complained of were the direct result or consequence of the fall. One error assigned is the overruling of this motion. We think the nonsuit was rightly denied on both grounds. It is admitted that the plaintiff fell through the walk on the evening of the 18th of September, 1873. There is positive testimony that the defect in the walk had existed for some time before this accident. The witness Christie, who measured and made a diagram of the hole the morning after the accident, says that he saw the hole "some three months before the measurement." Charles Burgess had his attention called to the defect "some time about the 1st of June, 1873." Reuben Hall had noticed the hole "two or three months before the plaintiff was hurt." The sidewalk was on the north side of Division street, one of the principal thoroughfares of the city; and the jury might well have found, upon this evidence, that the defect was of such a dangerous character, and had existed for such a length of time, that the city authorities had knowledge of it, or that knowledge on their part should be presumed. There was evidence which tended to prove that the defect was the result of a faulty or improper construction of the walk in the first instance. The walk was nearly two feet above the ground, and there was testimony that the hole therein was caused by the

decay of the edge of a plank which was "wany and sappy" when laid. A walk of such material, thus constructed, on one of the principal streets of a city, cannot remain in an unsafe and dangerous condition for weeks or months, without the law charging the city authorities with notice of the defect. It is the plain legal duty of the city to properly construct its sidewalks, and keep them in a good condition for the safe and convenient use of the public. This duty is not performed by allowing the walks to remain out of repair for months.

There was ample if not overwhelming testimony that the plaintiff sustained a serious injury in consequence of falling through the hole in the walk. This is all we deem it necessary to say on that exception.

Another error is assigned on the refusal of the court to give the instructions asked by the defendant. The record shows that the first two requests were given. The third was as follows: "If the jury find that the plaintiff was predisposed to disease, which condition would naturally grow or develop into a fixed condition of sickness or disease, and stepping through the hole (if the jury find that she did) only hastened the result or the predisposition, or only developed it into disease, then the plaintiff is only entitled to recover such damages as resulted from the injuries to her leg." Without dwelling upon the language of this instruction, or its correctness as a proposition of law, it is sufficient to say, in vindication of the ruling of the court on this point, that there was really no evidence in the case to which it was applicable. There is no testimony whatever that the plaintiff was predisposed to disease of any kind, but on the contrary all the evidence relating to the matter shows that prior to the accident she was a strong, robust girl, capable of earning good wages. The only basis for the instruction was the fanciful theory or speculation of a medical witness, who heard the testimony of the plaintiff on cross examination, and the aunt's testimony, and who also heard the hypothetical questions put to two

other physicians examined on the trial. From this evidence, without any medical examination of the plaintiff, and knowing nothing about her health or condition before she was hurt, the witness had an idea that the plaintiff might have suffered unconsciously from some previous uterine disease or difficulty, or was predisposed to such disease, and that the accident which she received acted as an exciting cause to develop it. Experience has shown that medical testimony is not always reliable, any more than other testimony. And we think it would be quite unsafe to submit to a jury such speculations and conjectures as were indulged in by this witness, as a basis upon which to find a verdict, especially in view of the direct and positive testimony that the plaintiff had a vigorous constitution and enjoyed firm health prior to the injury.

Exceptions were taken to every paragraph in the charge, amounting in all to more than forty, although only four or five of these exceptions are relied on here. The practice of taking exceptions in that manner to a charge, cannot be too strongly condemned; and perhaps they ought to be treated as a general exception, unavailing for any purpose. *University of Notre Dame du Lac v. Shanks*, 40 Wis., 352. However that may be, we do not think the charge is fairly open to the criticisms passed upon it, namely, as being a " series of continuous blunders." There are obviously verbal inaccuracies in one or two parts of the charge; but it is impossible that they could have misled the jury or have prejudiced the defendant. For example, the jury were told, among other things, that if the plaintiff knew the hole was there in the walk, and *purposely and carelessly* stepped into it, and received the injury, she could not recover. It is plain that the word " and " is used for " or " in this sentence, and that what the learned judge meant to say was, that there could be no recovery if the plaintiff, knowing of the existence of the hole, negligently or intentionally stepped into it. The question of

contributory negligence, with all other questions, seems to have been fairly submitted to the jury.

The verdict was for $3,258, which it is claimed is excessive. The testimony satisfactorily shows that the injury was of a very serious if not of a permanent character. It will probably render the plaintiff unable to do any continuous hard work for years, if it does not disable her for life. Under the circumstances, we do not feel inclined to disturb the judgment on the ground of excessive damages.

*By the Court.* — The judgment of the circuit court is affirmed.

