# The Seaboard M'f'g. Co. *v.* Woodson.

*Action by Employee to Recover Damages for Personal Injuries.*

1.  *Defective machinery causing injury to employee; what complaint should allege; charge of court.*—In an action by an employee against the employer to recover damages for personal injuries, a general charge of the court that if the engine was defective—and the plaintiff knew of its defective condition and neglected to'inform the defendant, or some servant of the defendant, superior to himself in its service, then the plaintiff could not recover, unless the jury believed from the evidence that plaintiff was aware that the defendant, or some servant of defendant superior to the plaintiff in its employment knew of the defective condition of the engine, and that the burden of proving these facts was upon the plaintiff, taken in connection with the evidence, is free from error.

2.  *What not negligence in employer.*—An employer is not guilty of negligence for not repairing defective machinery unless there has been a reasonable opportunity to remedy it after its discovery. Mere knowledge, without opportunity to act upon it, would not constitute negligence.

3.  *Measure of compensation to injured employee; erroneous charge.*—A charge instructing the jury that if an injury received by an employee by reason of the negligence of his employer impaired the employee's ability to earn money in the future, the amount of compensation was from necessity left to the sound discretion of the jury, not to exceed the amount claimed, is erroneous.

4.  *Same; punitive damages.*—The law fixes the burden upon him who claims damages from another as a compensation for pecuniary loss, to furnish the facts necessary to ascertain the extent of his loss with reasonable certainty, and failing in this, he is entitled only to nominal damages. The allowance of punitive damages, resting upon a different consideration does not fall within this requirement.

APPEAL from Mobile Circuit Court.

Tried before the Hon. WM. E. CLARKE.

This case has been once before heard in this court, and is reported in 94 Ala. 143, where the facts are fully stated. On the second trial (the present) of this case in the Circuit Court, the plaintiff's complaint embraced six counts, which were demurred to, the court sustaining demurrers to the last three. These counts are substantially as set out in the report of this case in 94 Ala. *supra*, except that it is averred in the third count that plaintiff was engaged in the service of the defendant as a fireman and was injured by reason of the negligence of a locomotive engineer in the employment of the defendant, and to whose orders and directions the plain-

[The Seaboard Mfg. Co. v. Woodson.]

tiff at said time was bound to conform, and did conform; and said count here contained an interlined amendment in the following words: "and plaintiff avers that said locomotive engineer was in charge and control of an engine and train belonging to and in the service of defendant." The count further alleges that plaintiff was ordered by said engineer to go under the engine to oil and wipe it, and that the engineer then left the engine and went some distance away without taking the necessary precaution to prevent said engine from moving; that said engineer knew the throttle valve leaked, and that by the leaking of the throttle valve, the cylinder filled with steam and the engine moved off inflicting great injury upon the plaintiff. The demurrers to these counts went to their failure to sufficiently show the negligence of the defendant. Issue was finally joined on the following pleas of the defendant, (1), the general issue, of not guilty; (2), that before leaving the engine under which the plaintiff was working, the engineer in charge of the engine, with due care arranged to prevent the engine from moving off unless interfered with by some third person, by shutting off steam from the engine, and by also putting an obstruction in front of one of the wheels thereof; (3), the engine alleged to have injured the plaintiff did not move off or injure the plaintiff by reason of the negligence of the engineer or other officer of the defendant, but was caused by the negligent act of the plaintiff while working about said engine after the engineer had left it, and after the plaintiff knew this fact, or by the exercise of reasonable care, would have known it. There was a judgment for the plaintiff for $900.00. There was a motion by defendant for a new trial which was refused.

The following charges in writing, among others, were given for the plaintiff: 1. "The court instructs the jury that a corporation operating a railroad is bound to use all reasonable precautions for the safety of its employees, and should furnish such locomotive engines and keep them in such condition as would be least likely to cause injury, so far as this can reasonably be done. It is not, however, bound to the exercise of extraordinary care; it is required to furnish such locomotive engines only as one reasonably well calculated to insure the safety of its employees. The court further instructed the jury that a corporation operating a railroad as regards its employees must use all ordinary care and supervision to keep its locomotive engines in a good and safe condition, and if the jury believe from the evidence that its agents charged with the duty of inspecting and having its locomotive engines repaired had notice of defects in the lo-

comotive engine in question, or by reasonable care and diligence could have learned of said defects, and omitted to make repairs, and that in consequence of which the plaintiff was injured while he was himself using reasonable care and prudence, then the court instructs you that would be a want of such care on the part of the corporation as the law requires, and the defendant would be liable to the plaintiff." To the giving of this charge the defendant excepted.

2. "The court instructs the jury that it is a duty the law imposes upon corporations operating railroads that they shall do everything that reasonably can be done to furnish safe locomotive engines to its employees to be used by them in working on the railroad, and that it is not a duty that can be delegated to its officers and agents so as to avoid liability on the part of the corporation, and in this case if the jury believe from the evidence that the defendant, through the negligence and want of reasonable care of its foreman neglected and failed to furnish a safe engine upon the occasion in question, but did, through negligence and want of reasonable care and caution furnish an engine that was out of repair as charged in the complaint, and that by reason of such defect, the plaintiff while using ordinary care, and in the discharge of his duty as fireman in the service of the defendant was injured, then the jury should find the defendant guilty."   To the giving of this charge the defendant excepted.

7. "If the jury believe from the evidence that engine No. 2 was out of repair as charged in the complaint, and that one, DuMont, was a foreman or train dispatcher in the service of the defendant, and that said DuMont knew the said engine was out of repair as charged, then, and in that event, the plaintiff would not be required to inform defendant that said engine was out of repair, if the jury further believe from the evidence that said DuMont was a foreman or train dispatcher in the service of the defendant and entrusted by the defendant with the duty of seeing that its engines were kept in perfect condition." To the giving of this charge the defendant excepted.

10. "The court instructs the jury that if they believe the testimony of a witness appears to be fair, is not unreasonable, and is consistent with itself, and the jury believe from the evidence that the witness has not been in any manner impeached, then the jury have no right to disregard the testimony of such witness from mere caprice, or without cause, or because the witness is a negro.   It is the duty of the jury to consider the whole of the evidence and render

[The Seaboard Mfg. Co. v. Woodson.]

their verdict in accordance with what the jury believe from the evidence to be the weight of all the evidence in the case." To the giving of this charge the defendant excepted.

The refusal of the court below to grant the defendant a new trial, and the giving of the charges Nos. 1, 2, 3, 7 and 10, are the principal of the many errors assigned on the appeal.

GREGORY L. & H. T. SMITH, for appellant.—1. The third count in the complaint having been demurred to, and the demurrer sustained, it was error to charge that the plaintiff could recover under that count. 2. The charge makes the defendant absolutely liable for the *failure* of the engineer to leave the engine in a condition where it could not move off, *whether such failure arose from negligence, or otherwise.* *Seaboard Mf'g. Co. v. Woodson*, 94 Ala. 143. 3. Upon other assignments of error, based upon the rulings of the court adverse to appellants, the following cases were cited: 84 Ala. 133; 91 Ala. 552; 89 Ala. 563; 88 Ala. 73; 60 Ala. 568; *Ib.* 110; 71 Ala. 110; 91 Ala. 435.

B. B. BOONE, for appellee.—1. The court did not err in overruling the motion for a new trial.— *White v. Blair*, ; *Cobb v. Malone*, . 2. There was no error in that portion of the general charge excepted to, as it contained several distinct propositions, some of which are manifestly correct, and the exception is taken to it as a whole. *Bernstein v. Humes*, 60 Ala. 582; 71 Ala. 461. 3. There was no error in giving charges 1 and 2, citing *Smith v. Collins*, 94 Ala. 394. Citing on other propositions many authorities.

COLEMAN, J.—It is unnecessary to consider the questions growing out of the contention as to whether the third count of the complaint was amended before the trial. The case must be reversed upon other grounds, and if the counts, to which demurrers were sustained, had not been amended, which is not decided, this objection can be obviated on another trial. Assuming that the third count of the complaint presented a triable issue, we find no error in that portion of the general charge predicated upon the third count to which an exception was reserved. The record informs us that the court as a part of its general charge, and in connection with the portion excepted to, instructed the jury, that if the engine was defective as charged in the complaint, and plaintiff knew of its defective condition and failed or neglected to inform the defendant or some servant of the defendant, supe-

rior to himself in its service or employ, then the plaintiff could not recover, unless the jury believed from the evidence that plaintiff was aware that the defendant or some servant of the defendant in its service or employ superior to the plaintiff, knew of the defective condition of the engine and that the burden of proving all these facts rested upon plaintiff. Construing that part of the general charge excepted to, in connection with the proposition of law here asserted, and the evidence, we think it free from error. The liability of the defendant, upon the facts predicated, were conditioned also upon the further fact that plaintiff was not guilty of contributory negligence.

When the case was before us on a former appeal (94 Ala. 143,) it was said, "Unless there had been a reasonable opportunity to effect a remedy, it could not be said that the failure to do so was negligence. The defendant must have had sufficient time to remedy the defect, after its discovery before it could be chargeable with negligence in failing to effect such remedy. Mere knowledge without the opportunity to act upon it, would not constitute negligence." Charge No. 1, given for plaintiff ignores the principle of law here asserted and fixes liability upon defendant from a failure to remedy the defect after notice without regard to time of notice of the defect or reasonable opportunity to remedy it. Charge No. 2 given for plaintiff asserts a correct proposition of law. If the jury were satisfied from the evidence that the defendant "through negligence and want of reasonable care and caution furnished an engine that was out of repair, as charged in the complaint, and that by reason of such defect, the plaintiff, while using ordinary care, and in the discharge of his duty as fireman in the service of the defendant was injured," then the jury should find for the plaintiff. It could not be said that plaintiff exercised ordinary care, if the contention of the defendant was correct, that plaintiff with a knowledge of the defect in the engine and knowing also that the engineer had left his place on the engine, without any one in charge, the plaintiff exposed himself to the danger of having the car to move, while he was under it. The defendant might have requested an explanatory charge, if he considered the charge one calculated to mislead the jury. We think charge No. 3 is erroneous, in so far as the court instructed the jury that if the injury impaired the plaintiff's power to earn money in the future the amount of compensation "was, from necessity, left to the sound discretion of the jury not to exceed the amount claimed in the complaint." Whether an em-

[The Seaboard Mfg. Co. v. Woodson.]

ployee's wages will be increased or diminished, in the future, or whether he will certainly die sooner or later, is not a fact of positive proof, but no sound rule of right and justice, will permit a jury in assessing damages to be paid by one person to another as compensation for a pecuniary loss, to reach a conclusion of the amount to be paid, from mere. conjectures or without regard to proper data furnished as evidence.   The law fixes the burden upon him who claims damages from another as a compensation for a pecuniary loss, to furnish the facts necessary to ascertain the extent of his loss with reasonable certainty, and failing in this, he is entitled to no more than nominal damages.   It is upon this principle that it is permissible and proper to introduce evidence of the age of the person, mortuary tables to show the probable duration of life, the business habits, industry and sobriety, earnings, skill and whatever facts may conduce with reasonable satisfaction to aid the jury in arriving at what would amount to a just and fair compensation for the damage or loss sustained.—*L. & N. R. R. Co. v. Orr,* 91 Ala. 548.

In many States the rule is thus declared: "In estimating the amount of damages to be given for permanent injury, the elements to be considered are, the former occupation of the plaintiff, the amount of money he received from it, the extent to which the act of the defendant has impaired his capacity to perform the duties of that or any other calling for which he is fitted.—5  Amer. Encyc. note 1, p. 41; *McLaughlin v. Cory,* 77 Pa. St. 109 ; *Hall v. Fon du Lac,* 42 Wis. 274; *Chicago v. Jones,* 66 Ill. 349 ; *Joliet v. Conway,* 119, Ill. 489; *Wade v. Leroy,* 20 How. U. S. 34.

Doubtless the court was influenced by the case of *Morris v. The C. B. & Q. R. Co.* in 45 Iowa, 29.   The facts in that case are not reported, and it may be that all the necessary data were before the jury on the trial, but even with this concession, we think the word "discretion" calculated to convey to the jury the impression that they were not confined to the facts and were at liberty to exercise a discretion independent of the evidence.   If the word "judgment" had been substituted for "discretion" the charge might have been unobjectionable.   In computing compensation for loss on account of future earnings it is proper to introduce evidence of the age of the party complaining, at the time of the injury.   In assessing compensation for a pecuniary loss the jury are not at liberty to disregard the facts, and assess compensation at discretion.   As further confirming our con-

clusion we cite the case of *Hawes v. Stock Yard Co.*, 103 Mo. 60 ; s. c. 15 S. W. Rep. 751.

The allowance of punitive damages, rests upon a different consideration, and is intended to conserve the public welfare, and the law having this end in view, under prescribed circumstances, vests the jury with large discretionary powers. There was no error in giving charges numbered 7 and 10 at the request of the plaintiff. It does not occur to us that there is much difficulty in the law of this case, and we deem it unnecessary to comment further on the legal questions reserved in the record. It is for the jury to weigh the conflicting testimony, and declare a correct conclusion from the facts.

Reversed and Remanded.