# Merriweather *v.* Sayre Mining & Mfg. Co.

*Action ·for Death of Employe.*

(Decided May 20, 1909. 49 South. 916.)

1. *Master and Servant; Injury to Servant; Complaint.*—The duty to afford a servant a reasonably safe place to work is not an unqualified one, but is met where reasonable care and skill is exercised to furnish such a reasonably safe place, and hence, a complaint is demurrable which alleges that one in superintendence while in the exercise of the same negligently failed to furnish deceased a reasonably safe heading within which to work.

2. *Same.*—Counts ascribing negligence as a ground for action are demurrable if the negligence ascribed is not averred to have been the proximate cause of the injury, or if the facts and circumstances pleaded are not so pleaded as to lead to that conclusion with requisite certainty.

3. *Same; Pleading; Contributory Negligence.*—When the action is for death caused by the falling of the roof of the mine, a plea alleging that the deceased was guilty of negligence, proximately contributing to his death in that he negligently allowed himself to be under or in dangerous proximity to a part of the roof of said mine which was in danger of falling of which deceased had knowledge or which it was his duty to ascertain, and which he negligently failed to do, is good.

4. *Same; Language of Statute.*—A plea alleging that the deceased knew of the defect which caused his death and knew that defendant's superintendent did not know of the defect is not demurrable where it follows the language of the statute known as the Employer's Liability Act.

5. *Same; Assumption of Risk.*—A plea alleging that the person injured knew of the defect and with such knowledge continued in the employment for an unreasonable length of time and voluntarily went into the danger, is good as a plea of assumption of risk.

6. *Same; Contributory Negligence.*—A plea averring knowledge of the danger and a disregard of the hazard of the event, and alleging that the same proximately contributed to his death is good as a plea of contributory negligence.

7. *Same; Replication.*—Replications asserting that the deceased continued in the employment after the knowledge of danger on a promise to remedy the defect is not appropriate as an answer to pleas of contributory negligence, and hence, demurrable as such.

8. *Same; Independent Contractor; Instructions.*—Charges asserting that if the defendant had the right.to dismiss or otherwise control the deceased a sufficient relationship of master and servant then existed between them so as to render the defendant liable in

damages, for any negligence, etc., were properly refused as the word otherwise control might embrace an authority not necessarily inherent in the relation of master and servant.

9. *Same; Safe Place to Work; Instructions.*—A servant has the right to rely on the assurance of the master as to the safety of the machinery or appliances, and the place to work, where the attention of the master has been called to it, unless the danger is so obvious that no prudent person would use such machinery or appliances, or would work at such a place or continue in the performance of his duties with such appliances or at such a place.

10. *Same; Independent Contractor; Instructions.*—Where the evidence tends to show the facts hypothesized in a charge asserting that if the defendant reserves the general control over the work in its mine with the right to direct what should be done, and the manner of doing it, then the relation of master and servant exists, such charge is improperly refused.

11. *Same; Duty of Servant; Instructions.*—A charge asserting that if the jury believe that it was the duty of the deceased to find out whether the roof under which he was working was safe, and to pull or shoot it down when unsafe, then the jury should find for the defendant, although it was also the duty of the foreman to inspect the roof and order it pulled down, failing to hypothesize a breach by defendant of the duty lain upon him was erroneous.

12. *Same; Independent Contractors.*—The relation of master and servant does not exist between an employe of the contractor and the mine owner where the mine owner gives another a contract to mine and reverse no right to interfere with the details of the work, but only requires the work to be done in conformity to the contract and mining rules; such a contract constitutes the other party an independent contractor.

13. *Same; Breach of Duty; Instructions.*—A charge asserting a duty on the deceased to support and secure the rocks that fell on him but which fails to hypothesize a breach of the duty asserted, and which required the finding for the defendant even though the jury believe from the evidence that it was the duty of the mine foreman to inspect the roof, is erroneous for failure of proper hypothesis.

14. *Same; Gross Negligence; Instruction.*—A charge asserting that the plaintiff means in the count where he charges gross and wanton negligence to say that by gross and wanton negligence the defendant wilfully or recklessly caused or allowed a part of the roof of the mine to fall on him, etc., is erroneous in the use of the word, wilful, since that imposes a too great burden of proof on the plaintiff.

15. *Pleading; Alternate Averments.*—A plea alleging in the alternative that plaintiff's intestate had knowledge or notice of the defects by which he was killed is not good as a plea of contributory negligence, since the notice is not the equivalent of knowledge.

16. *Appeal and Error; Presumptions; Authority of Attorney.*—Where the bill of exceptions does not contain all the evidence and merely showed that the court overruled a motion to compel the attorney for the defendant to show his authority for appearing, it will be presumed on appeal that the court properly declined to do so.

[Merriweather v. Sayre Mining & Mfg. Co.]

17. *Same; Review; Discretion of Court.*—The discretionary ruling of the court in overruling objections to questions because leading is not reviewable unless shown to have been abused.

18. *Evidence; Supposition.*—Where a witness testified that the matter inquired about related to one of two or three parties, and that he could not designate the party out of this number, it is not inadmissible as a supposiion.

19. *Same; Hearsay.*—Where the question as to the experience that deceased had had as a miner was a controverted one, testimony of a witness that he had been told by the deceased that he had worked in other mines, was not inadmissible as hearsay.

20. *Trial; Reception of Evidence.*—Where evidence is not offered there is no error in overruling a motion to exclude.

21. *Charge of Court; Perjury of Witness.*—Where it was a material inquiry as to who had charge of the mine, and a witness testified that he was not the foreman of the mine, a charge asserting that if the jury believe from the evidence that he swore falsely in this particular, they might disregard his entire testimony was proper.

APPEAL from Birmingham City Court.

Heard before Hon. E. M. HAMIL, Special Judge.

Action by Wm. Meriweather, as administrator, against the Sayre Mining & Manufacturing Company for the negligent death of his intestate. From a judg‧ ment for defendant, plaintiff appeals. Reversed and remanded.

The complaint as amended is as follows:

Count 13: "Plaintiff claims of the defendant the sum of $20,000 as damages, for that heretofore, on, to wit, the 21st day of January, 1904, at which time defendant was running and operating a certain coal mine at or near Littleton, in Jefferson county, Alabama, his intestate, an employe of defendant, was killed by the falling of a portion of the roof of the heading in which he was working, while in the discharge of his duties in such employment or service of defendant. The plaintiff alleges that said heading was an unsafe place for his intestate to work in, in this: That the roof of the same was cracked, or did not have sufficient strength or cohesive power to hold itself up or be self-supporting, and was not properly supported by props, pillows, or other

safe means of holding same up, or keeping it from falling, as is necessary, and that his intestate's death was proximately caused by reason of the negligence of a person whose name is unknown to plaintiff, in the service or employment of defendant, intrusted by it with superintendence, while in the exercise of the same, in that he negligently failed to furnish and provide his intestate a reasonably safe heading within which to work, as was his duty to do, and as a result of said negligence a part of the roof of said heading fell and crushed to death the intestate."

Count 14: Same as 13, down to and including the words "or service of the defendant," and adds: "The plaintiff alleges that the operation of said mine by the defendant, and particularly of said heading, was naturally and inherently a dangerous business, by reason of the fact that the rock in said heading, if not blasted, was liable to fall and thereby injure the plaintiff's intestate and other persons working therein, and the only safe way to prevent such injury was to blast said rock so that it would not fall; and it became the duty of defendant's agent in said mine, whose name is unknown to plaintiff, to adopt and enforce reasonable rules in regard to the blasting of rocks in said heading, so as to prevent injury to persons working therein from falling rock, and by reason of the concurrent negligence of said agent, who was in defendant's service and employ and intrusted by it with superintendence, while in the exercise of the same, in not adopting and enforcing such rule, and of the negligence or bad business of a fellow servant of the intestate, the rock in said heading, was not properly blasted, and fell and crushed to death his intestate."

Count 15: Same as 14, down to and including the words "so that it would not fall," and adds the follow-

ing: "And it became the duty of defendant's agent, who knew that plaintiff's intestate was under age and inexperienced as a miner, and incapable of understanding and of fully appreciating the danger under which he was laboring, and of which he was ignorant, or if he did not actually know of these facts, he had ample notice thereof, from his intestate's apparent age and appearance, not to set his intestate at work in said heading without protecting him from these dangers and instructing and informing him how to blast the rock so that it would not fall and thereby injure him, notwithstanding said agent, whose name is unknown to plaintiff, and who was in the service and employ of defendant, and intrusted by it with superintendence, whilst in the exercise of same, violated this duty and negligently set his intestate at work in said heading, and as a consequence of said negligence his intestate received injuries causing death."

Plea 2, as amended, is as follows: "For further plea, in answer to each count in the complaint, separately and severally, defendant says that plaintiff's intestate, the said John Meriweather, was himself guilty of negligence which proximately contributed to his said alleged injury, and that his said negligence consisted in this: Plaintiff's intestate negligently caused or allowed himself to be under or in dangerous proximity to a part of the top or roof of said mine which was in danger of falling, of which fact intestate had knowledge, or which fact it was his duty to ascertain, and which he negligently failed to ascertain, or which fact was obvious to intestate, whereby and as a proximate consequence thereof the same fell upon or against him and so injured him that he died."

Plea 4: "For further plea, in answer to each count of the complaint, separately and severally, defendant

says that plaintiff's intestate, the said John Meriweather, was himself guilty of negligence which proximately contributed to his said alleged injuries, and that his said negligence consisted in this: The said John Meriweather, with knowledge or notice that a part of the top or roof of the said mine was loose, or in danger of falling, and with knowledge or notice that, should the same fall when he was under or near the same, injury would result to him, nevertheless he went under or near the same, whereby, and as a proximate consequence of which, said mine roof fell upon him, and so injured him that he died."

Plea 6: "And for further plea, in answer to said eleventh and twelfth counts of the complaint, separately and severally, defendant says that plaintiff's intestate knew of the defect or negligence which caused his injury or death, and failed in a reasonable time to give information thereof to defendant, or to some person superior to said intestate engaged in the service or employment of defendant; and defendant further avers that intestate was not aware that the defendant, or such superior in its service, knew of such defect or negligence."

Plea 7: "And for further plea, in answer to each count of the complaint, separately and severally, the defendant says that plaintiff's intestate was aware that the roof or top of said mine which fell was in danger of falling, and with a knowledge and appreciation of the danger arising therefrom, and thereafter said intestate voluntarily remained in the service or employment of defendant for an unreasonable length of time, and voluntarily went under said roof of said mine."

Plea 8: "And for further plea and answer to each count of the complaint, separately and severally, defendant says that plaintiff's intestate was himself guilty of negligence which proximately contributed to his said

alleged injuries and death, and that his said negligence consisted in this: The said plaintiff's intestate, with knowledge that a part of the top or roof of said mine was loose and was in danger of falling, and with knowledge that, should the same fall when he was under or dangerously near the same, injury would result to him, nevertheless said intestate negligently went under or dangerously near the same, whereby and as a proximate consequence of which said roof or top of said mine fell upon him and so injured him that he died."

The replication to the seventh plea was as follows: "That notwithstanding the fact that plaintiff's intestate was aware of the existence of the defect in the roof of said heading, as alleged in said plea, and that he remained in defendant's service or employment, and continued to work in the presence of said defect, his intestate gave notice of the existence of this defect to some superior of his in the defendant's service whose name is unknown to plaintiff, and that said superior who had authority in that behalf promised him that he would remedy that defect by having the rock blasted down when the air course towards which the said heading was being driven was reached, which time was a reasonable time for remedying said defect, and assured him that in the meantime the said defect or overhanging rock was safe. Plaintiff alleges that this undertaking by said superior to remedy the said defect when the air course was reached was an assumption by the defendant of the risk of injury to his intestate within that promised time, and that his intestate was crushed to death on account of said defect, from which injury did not appear to be imminent and impending, by having said overhanging rock fall upon him while engaged in his duties before said heading had been driven through to said air course, for which defendant is liable.

[Merriweather v. Sayre Mining & Mfg. Co.]

The replications to pleas 2, 4, and 8, are similar in all respects to the one above set out.

The following charges were refused to the plaintiff:

(1) "The court charges you that if you should find from the evidence that the defendant had the right to dismiss or otherwise control plaintiff's intestate, John Merriweather, a sufficient relationship of master and servant then existed between them to make the defendant liable in damages for any negligence on his part which proximately caused his death."

(3) "The court charges you that the servant has the right to rely on the assurance of the master, if such assurance was given, as to the safety of the machinery, appliances, and places to work, where the attention of the master has been called to it, unless the danger was so obvious that no prudent man would use such machinery or appliances, or would work at such a place, or continue the performance of his duties in such place of work."

(9) "The court charges you that the relation of master and servant existed between the defendant and the deceased, John Merriweather, if you should find from the evidence that the defendant reserved the general control over the work in its mine, with the right to direct what should be done and the manner of doing it."

(11) "The court charges you that if you are reasonably satisfied from the evidence that the witness Brown willfully swore falsely that he was not foreman of the mines in the absence of the superintendent, Ford, then you may disregard the testimony of Brown entirely."

The following charges were given for the defendant:

(4) "If the jury believe from the evidence that it was the duty of John Merriweather to find out whether the roof under which he worked was safe, and pull or shoot it down when unsafe, then the jury must find for the

defendant, though they may also believe from the evidence that it was the duty of the mine foreman to also inspect the roof and order the part that was unsafe pulled down."

(6) "If the jury believe from the evidence that the defendant reserved no right to interfere with the details of Kirby's work, but only to require it to be done by Kirby and his men, so as to conform to his contract and mining rules, the jury must find that Kirby was an independent contractor."

(9) "If the jury believe from the evidence that it was the duty of John Merriweather to support and secure the rock that fell on him, then the jury must find for the defendant, even though they may also believe from the evidence that it was also the duty of the mine foreman or bank boss to inspect the roof and direct it to be fixed if defective."

The following portion of the oral charge was excepted to:

"The plaintiff means to say that by gross and wanton negligence the defendant wantonly, willfully, or recklessly caused or allowed a part of the roof of said mine to fall on and crush plaintiff's intestate, in the count where he charges gross and wanton negligence."

JOHN W. & ROSCOE CHAMBLEE, for appellant. There was no merit in the 1st grounds of demurrer to count 13.—*Woodward I. Co. v. Herndon,* 114 Ala. 191. The other demurrers were without merit.—Dresser p. 265; See, also, in connection with demurrers to count 13.— 114 Ind. 20; 46 Hun. 562; 144 Mass. 229; 29 Fed. 840; 46 Hun. 495. The court erred in sustaining demurrers to the 14th count.—*Woodward I. Co. v. Herndon, supra; Mary L. C. & C. Co. v. Chambless,* 97 Ala. 171; 106 U. S. 700; 148 Mass. 143; 150 Mass. 125; Dresser, p. 87; *Broslin v. K. C. M. & B.,* 114 Ala. 398. On these au-

thorities the court erred in sustaining demurrers to the 15th count. The court should have sustained demurrers to the 2nd plea.—*Osborn v. Ala. S. & W. Co.,* 135 Ala. 579; *H. A. & B. R. R. Co. v. Walters,* 91 Ala. 435. The 4th plea was bad.—Authorities supra; *Brown v. L. & N.,* 111 Ala. 275. On the same authorities demurrers should have been sustained to the 7th and 8th pleas. The court erred in sustaining demurrers to the replicacation.—*Bridges v. T. C. I. & R. R. Co.,* 109 Ala. 287; *Milligan v. Pollard,* 112 Ala. 465; *Tranum v. Drum,* 112 Ala. 277; *Moore v. Heineke,* 119 Ala. 634. The court should have stricken plea 4 on motion.—*Brown v. L. & N. supra; Tutwiler C. & C. Co. v. Farrington,* 144 Ala. 157. The court should have sustained plaintiff's motion to exclude the diagram on the blackboard. —*E. T. V. & G. v. Watson,* 90 Ala. 41; *Benton v. The State,* 115 Ala. The evidence of deceased having worked in other mines is hearsay.—*Mills, et al. v. Clayton,* 73 Ala. 359. The court erred in refusing charge 1 requested by plaintiff.—*Dean v. E. T. V. & G., et al.,* 98 Ala. 586; *Benton v. Smith,* 115 Ala. 396; *Lookout Co. v. Lee,* 144 Ala. 169; *Harris v. McNamara,* 97 Ala. 181. Charge 3 should have been given.—*Reiter-Connelly Mfg. Co. v. Hamlin,* 144 Ala. 192. Charge 9 should have been given,—Authorities supra. The court erred in giving the charges requested by the defendant.— *Dean v. E. T. V. & G., et al., supra; Harris v. McNamara, supra; Dreenen v. Smith, supra; Lookout Mountain Co. v. Lee, supra.* The court erred in its oral charge as to what constitutes gross or wanton negligence.—*Bowers v. B. R. & E. Co.,* 110 Ala. 328.

TILLMAN, GRUBB, BRADLEY & MORROW, for appellee. Counsel discuss the various counts of the complaint, and insist that the court properly sustained demurrers

thereto, but without citation of authority. They insist that the pleas of contributory negligence were not demurable and cite.—*Pioneer M. & M. Co. v. Thomas,* 133 Ala. 279; *Sloss- S. S. & I. Co. v. Knowles,* 129 Ala. 410. They insist that the replication are not answers to the plea of contributory negligence. They insist that the 4th and 9th charges given for the defendant are directly supported by the case of *Thomas v. Pioneer M. & M. Co.,* 133 Ala. 279. They insist that the case of *Harris v. McNamara,* 97 Ala. 181, and the authorities there cited directly support the 6th charge given. They discuss the other assignments of error insisted on, but without citation of authority.

McCLELLAN, J.—The demurrers to counts 13, 14 and 15 of the complaint as amended were properly sustained for three reasons, pretermitting others asserted: To count 13, because the duty to afford the servant a reasonably safe place in which to work is not unqualified, as is alleged in the count, but that duty is met when reasonable care and skill is exercised that such reasonably safe place may be afforded. To counts 14 and 15, because the negligence ascribed is not averred to have been the proximate cause of the injury complained of, nor are the facts and circumstances so pleaded as to lead, with requisite certainty, to that conclusion therefrom.

Plea 2 as amended is not subject to the demurrers interposed to it. The injury complained of was the result of the falling of the roof in a mine. This plea asserts that the intestate was guilty of negligence, proximately contributing to his injury, in that intestate negligently caused or allowed himself to be under or in dangerous proximity to a part of the top or roof of said mine which was in danger of falling, of which

fact intestate had knowledge, or which fact it was his duty to ascertain, and which he negligently failed to ascertain, or which fact was obvious to intestate." There can be no serious contention that when a servant places himself in a position of peril arising from the neglect or negligence of the master or the master's representative from an agency the danger of injury from which is obvious or known to him, and he is injured in consequence, he is guilty of contributory negligence, barring a recovery therefor. The obviousness of the danger in this case, or knowledge thereof, are expressly alleged in the amended plea. The remaining alternatives, viz., that it was intestate's duty to ascertain the fact and that he negligently failed to ascertain it, are susceptible of no other interpretation than it in plain terms avows. If such was his duty, and he negligently failed to observe it, and such failure proximately contributed to his injury, we know of no legal principle denying to the master exemption from the consequence of the injury therefrom, notwithstanding negligence imputable to the master for the dangerous condition's existence. As indicated by our views, counsel for appellant is incorrect in his construction of the plea, as being of the kind condemned in *Osborne v. Ala. Steel & Wire Co.*, 135 Ala. 571, 33 South. 687. There the pleas were silent in averment of duty on the servant to ascertain the condition, in respect of safety, of the place whereat he was when injured. Here that averment is present and explicit.

The demurrer to the fourth plea should have been sustained. The alternative averment of knowledge "or notice" renders it bad, under the authority of *Osborne v. Ala. S. & W. Co., supra.*

Plea 6, as amended, is in the language of the liability act, and was hence not subject to the demurrers.

Plea 7, as amended, met the conditions of the rule for assumption of risk by a continuance by intestate in the service an unreasonable time after he knew of and appreciated the danger in the premises.—*Osborne's Case, supra.*

Plea 8 is a good plea of contributory negligence, averring, as it does, knowledge of the danger and intestate's disregard of the hazard of the event, which happening, the plea alleges, proximately contributed to his injury.

The replications to which demurrers were sustained were addressed to pleas of contributory negligence and assumption of risk; and the demurrers, taking the point that the assurance by defendant's representative, asserted in the replications, of repair or remedy of the defective condition, were inappropriate as reply to pleas of contributory negligence, were well sustained.

The plaintiff moved, upon several grounds, the court to require W. I. Grubb, the attorney appearing for defendant, to produce or prove his authority to do so.— Code 1896, § 594; Code 1907, § 2990. The bill of exceptions merely shows that the court overruled the motion and that the plaintiff excepted. The bill does not purport to set out all the evidence, and to sustain the action of the court in the premises it must be presumed that the court was well invited to rule as it did.

The drawing of the mine on a blackboard does not appear to have been offered in evidence; and hence the refusal of the court to exclude it on motion of plaintiff was proper.

There was no error in the court's declining to exclude the testimony of C. J. Salors as a supposition. The witness said the matter inquired about related to one of two of three parties, and he could not designate the party of this number. One of the controverted matters on

the trial was the experience intestate had had in mining. Rosser testified that intestate told him he had worked at another mine. The motion to exclude this testimony as hearsay was properly overruled, since it was a statement by intestate, who was about 18 years of age, in opposition to interest, upon trial of an action for his death, and in which his experience as a miner was treated as an issue.

The plaintiff's objection to the question to the witness Brown was that it was leading, and its overruling by the court was the proper exercise of a discretion reposed, and is not reviewable here.

Charge 1, requested by plaintiff, was well refused, since the expression "otherwise control," employed therein, might very reasonably embrace authority not necessarily inhering in the relation of master and servant.

Charge 3, requested by the plaintiff, should have been given.—*Reiter Mfg. Co. v. Hamlin,* 144 Ala. 192, 197, 40 South. 280 (charge 2).

Charge 9, requested by plaintiff, should have been given. The definition of what will constitute the relation of master and servant is comprehensive, as therein stated, and under its terms nothing, whether concerned the general control, or more minute direction of the details, of the service, is left for exercise by any authority other than the alleged master or his representatives. —*Lookout Iron Co. v. Lea,* 144 Ala. 169, 39 South. 1017; *Drennen v. Smith,* 115 Ala. 397, 22 South 442. There was testimony presented tending to show the state of facts hypothesized in charge 9.

Charge 11, requested by plaintiff, should have been given.—*A. G. S. R. R. v. Frazier,* 93 Ala. 45, 9 South. 303, 30 Am. St. Rep. 28. It was not abstract, and the testimony referred to involved a material inquiry.

[Merriweather v. Sayre Mining & Mfg. Co.]

Charge 4, given at the request of the defendant, should have been refused, because, first, it pretermits in hypothesis the breach of the duty asserted to have lain upon intestate to see whether the roof of the place was safe and pull or shoot it down if unsafe; second, it is silent in respect of essential condition to bar a recovery because of contributory negligence, in that it is not stated that such breach of duty proximately contributed to the injury in question; third, it ignored count 4, which charged wantonness. My associates prefer to rest their criticism of this charge upon the first numbered ground alone.

Charge 6, given at the request of defendant, cannot be made the predicate for error. While in the employment of rather general terms in referring to his (Kirby's) men, it might have been misleading, and properly refusable, or, being given, necessitate an explanatory instruction from the adversary, it seems, aside from the stated criticism, to declare the test, approved by this court, for determining vel non the existence of the relation of master and servant as controlling liability for injuries suffered. That test was thus defined in *R. & D. R. R. Co. v. Chasteen,* 88 Ala. 593, 594, 7 South. 94, 96: "Whether he renders service in the course of an independent occupation, representing the will of his employer only as to the result of the work, and not as to the means by which it is accomplished."—Or, as set forth in *Harris v. McNamara,* 97 Ala. 181, 12 South. 103, that the defendant had no control over the means or agencies by which the result was to be produced, then, and if so, the relation was not that of master and servant.—Words & Phrases, p. 3542 et seq.; *Dallas Co. v. Townes,* 148 Ala. 146, 41 South. 988; 26 Cyc. p. 970. If Kirby was upon a yardage basis of mining, an independent contractor as regards the de-

fendant, and the intestate was in Kirby's service as such independent contractor, liability for his injury received while in such service did not attach to defendant.— *Harris v. McNamara, supra.* '

Charge 9, given at the request of the defendant, is subject to the criticism stated against charge 4, given for the defendant.

The part of the oral charge of the court, assigned as error, was erroneous in that, in defining the contention of plaintiff, it was said by the court that that contention embraced a willful infliction of the injury. Count 4 ascribed the injury to wanton and gross negligence, not willfulness.—*B. R. & E. Co. v. Bowers,* 110 Ala. 328, 20 South. 345. The effect of the oral charge, in the respect referred to, was to impose upon the plaintiff a burden not assumed in his pleadings.

We have treated every error assigned; and, for the errors indicated, the judgment must be reversed, and the cause remanded. We feel compelled to suggest that, if another trial is had, the pleading should be materially diminished in volume.

Reversed and remanded.

DOWDELL, C. J., and ANDERSON and SAYRE, JJ., concur.