(77 South. 695)

BENOIT COAL MINING CO. v. FAUGHT.
(6 Div. 669.)

(Supreme Court of Alabama. Jan. 17, 1918.)

1. MINES AND MINERALS ⟨⟩118—DANGEROUS PREMISES—INVITEE—COMPLAINT.

A complaint, alleging that plaintiff had a contract with defendant to mine coal; that in the discharge of his duties he had the right to use the entries necessary therefor; that while he was so engaged such defendant's servants negligently allowed coal or tram cars to run along the tracks in the place where plaintiff was discharging his duties; and that an iron or steel rail which was on said cars struck plaintiff—stated a good cause of action on the theory that plaintiff was an invitee upon the premises as a contractor to whom defendant owed the duty of ordinary care and prudence as to his safety.

2. NEGLIGENCE ⟨⟩134(3) — INVITEE — SUFFICIENCY OF EVIDENCE.

Evidence held to show that plaintiff was an invitee as set forth in the complaint, so that there was no error in refusing an affirmative charge for defendant.

3. DAMAGES ⟨⟩216(1) — PERSONAL INJURY — ASSESSMENT—INSTRUCTIONS.

The giving of that portion of the court's oral charge that the amount of damages would be such a sum as, guided by the evidence and the facts, the jury deem a reasonable compensation for the injury, including pain and suffering, is not reversible error; there being nothing in instruction to indicate right to recovery of punitive damages.

Appeal from Circuit Court, Walker County; J. J. Curtis, Judge.

Action by S. W. Faught against the Benoit Coal Mining Company. Judgment for plaintiff and defendant appeals. Affirmed.

This cause was tried upon count 12 of the complaint, plea of general issue, contributory negligence, and assumption of risk. The questions presented by these issues were submitted to the jury, resulting in a judgment for the plaintiff (appellee), from which defendant (appellant) prosecutes this appeal.

That portion of count 12 here pertinent reads as follows:

"Plaintiff claims of the defendant $25,000, as damages for that, on, to wit, the 1st day of May, 1916, the defendant engaged in the business of operating a coal mine in Walker county, Ala., and in and about the operation of said coal mine it used mining cars, cars operated by electricity, said cars running into its mines on iron or steel rails, and it used servants and employés for the various purposes necessary and convenient in and about the operation of said coal mines.

"And plaintiff alleges that he had a contract with defendant to mine coal in its said mine, at and for a specified price per ton for said coal so mined and loaded on the defendant's cars in its mines, and under said contract it was substantially the duty of the defendant to furnish all material, including cars, rails, and

the men to operate said cars, and the plaintiff furnished the powder to be used in its operation, and the labor to mine said coal.

"And plaintiff alleges that while he was so engaged in the discharge of his duties under said contract or agreement with the defendant, he had the right to use the entries necessary or proper in the discharge of his duties under said contract; and he avers that while he was so engaged in the discharge of his duties under said agreement or contract, being rightfully in an entry in said mines, the defendant's agents, servants, or employés, while engaged in the discharge of their duties as such, negligently allowed its coal or tram cars to run along its tracks at the place where plaintiff was discharging his duties as aforesaid, and upon or near plaintiff, and an iron or steel rail which was on said cars struck plaintiff, and plaintiff alleges that said rail or bar was thereby driven through his person in the region of his hips or thighs: [Here follows a catalogue of his injuries—suffering physical and mental pain—loss of time, and permanent injuries, etc.]

"And plaintiff alleges that said injuries were the proximate result of the negligence of defendant's agents or servants in charge of and operating said cars as aforesaid."

Demurrer to said count 12 was overruled.

The defendant reserved exception to the following portion of the court's oral charge:

"The amount would be such a sum as you, gentlemen, in your sound discretion, guided by the evidence and facts in this case, deem a reasonable compensation for the injury, including pain and suffering which the plaintiff has undergone."

J. H. Bankhead, Jr., and A. F. Fite, both of Jasper, for appellant. Ray & Cooner, of Jasper, for appellee.

GARDNER, J. [1] It is insisted by counsel for appellant that count 12 discloses a relation of employer and employé, and was subject to demurrer. Plaintiff does not in said count declare that he stood in the relation of an employé of the defendant, but the averments disclose that he stood in the relation of invitee upon the company's premises, as a contractor, and to whom the defendant owed the duty of ordinary care and prudence as to his safety. We are of the opinion the count stated a good cause of action, and was not subject to the demurrer interposed. Republic Iron & Steel Co. v. Luster, 192 Ala. 501, 68 South. 358; Sloss-S. S. & I. Co. v. Stewart, 172 Ala. 516, 55 South. 211; Hubbard v. Coffin & Lusk, 191 Ala. 494, 67 South. 697; Merriweather v. Sayre Mining & Mfg. Co., 161 Ala. 441, 49 South. 916; Dallas Mfg. Co. v. Townes, 148 Ala. 146, 41 South. 988; Harris v. McNamara Bros., 97 Ala. 181, 12 South. 103.

[2] The evidence for the plaintiff tended to show that he was at work in the mines of the defendant, under a contract with it, receiving so much per ton for shooting and loading coal after the company had mined it; he (plaintiff) furnishing the labor, powder, fuses, and tools, and the company furnishing the timber, cars, and rails. The evidence of the defendant's "bank boss" also tended to show that the plaintiff was not an employé, but was a contractor, having full charge and control of the men whom he worked, and entirely responsible therefor. Plaintiff states that when he first began to work at the mine he was assigned to what is known as No. 3, first right entry, close to the main entry of the mine, and afterwards also assumed charge of room No. 2.

Speaking of the plaintiff's work and employment of his men, and control of these entries or rooms, the "bank boss" testified:

"I said Mr. Faught employed the men to work in those rooms he had a contract in; he had a right to employ them and discharge them. He is the man that had control of the work they did; and he was responsible for the place, he had full charge of those places."

In view of the evidence therefore, and in the light of the foregoing authorities, there was no error in the refusal of the affirmative charge as to count 12, upon the ground that there was no testimony to sustain the relation as therein set forth.

[3] Nor do we find reversible error in that portion of the oral charge to which exception was reserved, and which appears in the statement of the case. The oral charge of the court confined the finding of the jury to the evidence in the case, and the amount of damages to such as they would deem "a reasonable compensation" for the injuries sustained. There is nothing in the charge of the court to indicate any recovery for punitive damages; in fact, the court at the request of the defendant gave to the jury an instruction as against assessing any damages as a punishment to the defendant.

We see nothing in the cases of Seaboard Mfg. Co. v. Woodson, 98 Ala. 378, 11 South. 733, and Ala. Northern R. R. Co. v. Methvin, 9 Ala. App. 519, 64 South. 175, cited by appellant's counsel, which, in our opinion, at all militates against this conclusion.

The foregoing are the only questions presented in briefs of counsel for consideration upon this appeal; and, finding in them no reversible error, the judgment of the court below will be affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN and THOMAS, JJ., concur.