# Shorter, Adm'r. v. Southern Railway Company.

*Action for Damages Against Railroad for Negligence.*

1. *Proximate contributory negligence; when an employe guilty of.*
A rule of a railroad company prohibited its employés to go between cars to couple or uncouple them while either of them was in motion; the company also furnished to its employés coupling sticks and made it their duty to use them. An employé having charge of a moving car to be coupled to another car which was stationary, and having power by means of a brake to control his car, neglected such control and, without using his coupling stick, went between the cars to couple them, and was killed. *Held*, that in view of the rule he was guilty of proximate contributory negligence, both because he failed to so regulate the speed of his car as to enable him to couple the cars and withdrew his person before they came together; and also in not using the coupling stick without going between the cars at all.

2. *Same; if an employe is guilty of, immaterial that he is killed by part of the load on the car falling on him.*—If an employé was

[Shorter, Adm'r. v. Southern Railway Co.]

guilty of contributory negligence in the manner in which he attempted to couple cars, it is immaterial that he came to his death while so engaged by a part of the load on one of the cars falling on him.

3. *Admission and rejection of evidence; when error without injury.* Rulings on the admission and rejection of evidence is error without injury, when it appears that with the evidence improperly admitted ruled out of the case, and with the evidence before the jury which was improperly rejected, the affirmative charge should still have been given for the defendant.

APPEAL from the City Court of Birmingham. Tried before Hon. H. A. SHARPE.

Jacob Shorter, while engaged in coupling cars as an employé of the Southern Railway Co., went between the cars for that purpose while one of them was in motion. Rule "L" of the company prohibited this. The company also furnished coupling sticks by the use of which danger from the act of coupling was prevented or greatly reduced. The deceased was on the moving car as it approached the other at a considerable speed. There was a brake attached to the car by which he could have controlled its speed. He jumped from the moving car, ran ahead of it and got between the cars and was killed. There was evidence tending to show that the moving car was loaded with heavy car trucks and that one of these fell on the deceased. His administrator sued. The court gave the general charge for the defendant on the plea of contributory negligence. The plaintiff appealed and assigns the giving of this charge as error.

Affirmed.

BOWMAN & HARSH, for appellant.—No contract would relieve defendant from liability from the consequence of its own negligence.—*Hissong v. R. & D. R. R. Co.,* 91 Ala. 514; *L. & N. R. R. Co. v. Orr,* 91 Ala. 548; *R. & D. R. R. Co. v. Jones,* 92 Ala. 218. (2). Contributory negligence is purely defensive and must have every element proven to be available.—*Bromley, Amd'r, v. Birmingham Min. R. R. Co.,* 95 Ala. 404; *Sanders v. Edmonds,* 98 Ala. 157; see also 16 Am. & Eng. Ency., 36; *Thompson v. L. & N. R. R. Co.,* 97 Ala. 436; Cooley on Torts, 71.

[Shorter, Adm'r. v. Southern Railway Co.]

SMITH & WETHERLY, contra.—The contract and rules were admissible.—*Prior v. L. & N. R. R. Co.*, 90 Ala. 32; *Ga. Pac. Ry. Co. v. Propst*, 83 Ala. 518; *R. R. Co. v. Watson*, 8 So. Rep., 249; the following authorities support the giving of the affirmative charge.—*South. Ry. Co. v. Arnold*, 114 Ala. 183; *R. & D. R. R. Co. v. Free*, 97 Ala. 231; *L. & N. R. R. Co. v. Boland*, 96 Ala. 626; *Davis v. The Western Ry. of Ala.*, 107 Ala. 626; *L. & N. R. R. Co. v. Stuces*, 105 Ala. 368.

McCLELLAN, C. J.—We construe rule "L," introduced in evidence by the defendant, to prohibit getting between cars either of which is in motion to couple or uncouple them. The deceased got between cars one of which was in motion to couple them, and was killed in consequence of being there. This rule was pertinent therefore, and in view of it we concur with the trial court in holding that he was guilty of contributory negligence barring plaintiff's recovery in this action. Whether he was between the cars for the purpose of setting the coupling pin or of guiding the link is immaterial. If it was necessary for him to go in there to set the pin, he should have done this before the cars came dangerously near to each other, and having entire control of the moving car by means of a brake he might had he been duly careful have regulated its approach so as to have afforded time for him to have set the pin and to have withdrawn his body before the cars came together. Not to so control it, and to go in to set the pin when, in consequence of his own want of care in not properly regulating its approach, he could not withdraw before the collision was, in view of the rule at least, proximate contributory negligence on his part. On the other hand, having a coupling stick and being under a duty to use it, there could have been no necessity for him to go between the cars in the manner the uncontroverted evidence shows he did for the purpose of guiding the link; and if he went in there for that purpose he was likewise guilty of proximate contributory negligence in exposing his person in violation of the rule and without necessity to the peril which killed him.

[Shorter, Adm'r. v. Southern Railway Co.]

We attach no importance to the fact that death was caused by the dislocation and falling of the trucks with which the moving car was loaded. The car and its load constituted one thing; the load was a part of the car. The load and the car together made up the element of danger which the rule forbade deceased to encounter as he did, and it was in the sense of the rule the moving car which produced the result complained of. Had the trucks not fallen, but deceased had come to his death by reason of their being on the car, it could not be insisted that the violation of the rule was not the proximate cause of his death. And had the car not been freighted at all, but the injury had been inflicted by some part of it being torn by the violence of the collision away from it and hurled against the deceased, mashing him against the other car and killing him, it could not be reasonably contended that such injury was not incident to his being between the cars in violation of the rule. The evidence is without conflict that deceased's whole body was between the cars at the moment they came together. All occasion there could have been for his offices between the cars at that time was to guide the link into the draw head. With the aid of the stick which he had and which it was his duty to use, the evidence is without conflict in showing that he could have performed this service without placing his body where it would be and was mashed between the falling trucks and the other car. There is nothing therefore appearing from the evidence to at all palliate his violation of the rule or to relieve his forbidden act of its negligent character. Whatever might be said in the absence of the rule to which we have referred as to whether his act was negligent *per se,* with the rule and its palpable violation before the jury, the city court properly gave the affirmative charge for the defendant.

If the court erred in any of its rulings on testimony it was error without injury. With all the evidence admitted against plaintiff's objection—except rule "L," which we have held to have been properly admitted—out of the case, and the evidence offered by plaintiff which was excluded on defendant's objection before the jury, the court should still have given the affirmative charge for the defendant.

Affirmed.