# Sloss-Sheffield Steel & Iron Co.
# *v.* Long.

### *Damage for Injury to Servant.*

(Decided Nov. 24, 1910.   53 South. 910.)

1. *Master and Servant; Involuntary Employment; Fellow Servant.* —One in involuntary servitude under a contract of hire as a convict by the state is not a fellow servant in the sense commonly used, and was under no contract either express or implied to assume the risk of the negligence of the other servants of his employer.

2. *Same; Master's Knowledge of Danger; Complaint.*—Where an action was by an employee for injuries caused by the breaking away of a mule which he was ordered to hitch to a coal car, the complaint was sufficient to impute to the foreman knowledge that the mule was wild or dangerous when it alleges that the supervising employee of the defendant negligently ordered plaintiff to hitch up a wild or dangerous mule.

3. *Same; Safe Implements; Master's Duty.*—An employer using mules to operate its coal cars is as much bound to furnish safe mules as an employer is bound to furnish safe tools; hence, an employer who orders an employee to hitch or use an unsafe mule, knowing that it is unsafe, or failing to exercise ordinary care to ascertain if it is safe, would be liable at common law for injuries to the employee resulting from the dangerous character of the mule.

4. *Same; Master's Orders; Complaint.*—In an action by an employee for injuries received occasioned by the starting of a coal car caused by the sudden starting of a dangerous mule which the employee was ordered to hitch to the car, a complaint alleging that the defendant's foreman knew that the mule was wild or dangerous when he gave the order, or in the exercise of ordinary care would have known, did not state the giving of the order in the alternative.

5. *Same; Plea; Contributory Negligence.*—Where the action was for injuries to an employee caused by the sudden starting of the mule which the plaintiff was hitching to a coal car in obedience to orders from his foreman, the allegation in a plea that the plaintiff knew the mule's character, and that he would probably be injured if he went near it, and that there was no necessity for him to go near the mule, did not, by the use of the word "necessity," show that plaintiff could have hitched it without going near it.

6. *Pleading; Presentation by Demurrer; Sufficiency.*—This court will not review objections to a complaint not stated in the grounds of demurrer thereto.

APPEAL from Birmingham City Court.

Heard before Hon. C. W. FERGUSON.

Action by George Long by his next friend against the Sloss-Sheffield Steel & Iron Company for damages for injury to him while in their employ, under a convict contract of hire by the state. Judgment for plaintiff and defendant appeals. Affirmed.

TILLMAN, BRADLEY & MORROW, and L. C. LEADBEATTER, for appellant. Counsel discuss the assignments of error relative to the action of the court in overruling demurrers to the complaint, but without citation of authority. They insist that the court erred in sustaining demurrers to the 3rd plea, and cite *Merriwether v. Sayre M. Co.*, 49 Ala. 916.

BONDURANT & SMITH, for appellee. The court did not err in overruling demurrers to the complaint.—*Buckalew v. T. C. I. & R. R. Co.*, 20 So. 609; 1 LeB. M. & S., Sec. 204. The court committed no error in sustaining demurrers to appellant's 3rd plea.—*Lockhart v. S. S. S. & I. Co.*, 51 So. 623.

ANDERSON, J.—The plaintiff, being a convict, was in involuntary servitude. It was enforced. He had no right or power to refuse to enter upon the service, or to quit it, at any time, until his sentence expired. "Whatever may have been the danger of the service, however incompetent, careless, or vicious may have been the defendant's agents or servants put to work with or over him, the convict had no voice, volition, or freedom of action in the matter whatever. He had entered into no contract, express or implied, to take the risk of the wrongful acts and omissions of the defendant's servants. He was fellow servant with no one." "Wherefore, if the defendant, or any officer or servant of the defendant, acting within the scope of his employment,

either willfully or negligently did the intestate an injury, the defendant was responsible therefor."—*Buckalew v. Tenn. Coal & Iron Co.*, 112 Ala. 146, 20 South. 606. In the case at bar, the complaint avers that Cook, while acting within the scope of the authority of his employment, as a servant of the defendant, negligently ordered the plaintiff to hitch up a wild or untrained or dangerous mule to a coal car, and that, while the plaintiff was "so engaged," the said mule started off or attempted to break away, thereby causing the car to run over the plaintiff's foot, etc. The complaint avers that Cook negligently ordered plaintiff to hitch up the mule, and this would be broad enough to impute a knowledge to Cook that the mule was wild or dangerous, otherwise the order to hitch to the car could not have been negligently given in this respect; but the complaint also charges that Cook knew that the mule was wild, untrained, or dangerous, when he gave the order, or in the exercise of due care ought to have known that the mule was wild, dangerous, or untrained. If Cook was acting within the scope of his authority in giving the order, the plaintiff, being a convict, had to comply therewith, and it was as much the duty of the master to furnish safe stock, when used in connection with its business, as it would be to furnish safe tools, and if Cook ordered plaintiff to use an unsafe mule, knowing that it was unsafe or without exercising ordinary care to ascertain that it was safe, he would be guilty of negligence for which the defendant would be liable to this plaintiff, who does not sue under the statute, as an employee, but under the common law.—*Buckalew Case, supra;* 1 Labatt, § 206, p. 440. It is true the gravamen of count 4 is not for a failure to furnish a safe mule by the defendant, but is based upon the negligence of Cook, in ordering the plaintiff to hitch the mule to the car, and it might be

that in order to impute negligence to Cook, in this respect, he must have known that the mule was dangerous; or should have known it, by the exercise of ordinary care, coupled with the duty to know or ascertain the condition or disposition of the mule. Count 4 is in the alternative as to Cook's knowledge, or that he should have known, and does not charge him with the duty of knowing, but this point is not made by the grounds of demurrer, if there be merit in it, which we need not decide. There was no error in overruling the demurrer to the fourth count. One ground of demurrer does state that the order was in the alternative. The order is not in the alternative; the fact that Cook knew or ought to have known of the disposition of the mule is in the alternative, but not the order, which was to hitch the mule to the car.

While an assumption of risk could not be charged to this plaintiff, who had no option of declining to perform the act or of leaving the services of the defendant, yet we may concede that, if in the compliance with the orders given him he undertook to do so in a dangerous and hazardous way when the same could be done in a safer way, he might be guilty of contributory negligence; yet the third plea does not set up that the plaintiff could have hitched the mule to the car in a safer way than he did. It sets up the fact that the plaintiff knew the character of the mule, and that he would probably be injured if he went near said mule, and that there was no necessity for him to go near said mule; in other words, that there was no necessity of obeying the orders of Cook. The word "necessity," as used, is not sufficient to show that the plaintiff could have hitched the mule to the car without going near him. It does not say that it was not necessary for him to go so near the mule in order to hitch him to the car, even if this would be sufficient, in-

stead of setting up how or in what way he could have complied, with the order given him, in a safer way. The plea does not deny that the order was given, nor does it aver that it could have been complied with in a safer way. It was subject to the third and eighth grounds of demurrer, and which were properly sustained by the trial court.

Plea 8, as held good in the case of *Merriwether v. Sayre Mining Co.*, 161 Ala. 441, 49 South. 916, is unlike the plea here considered and could have no application to this plaintiff. There the plaintiff had an option of assuming the risk, while this plaintiff had no such option.

The judgment of the city court is affirmed.

Affirmed.

DOWDELL, C. J., and SAYRE and EVANS, JJ., concur.