BAKER & HOLMES COMPANY, A CORPORATION, *Plaintiff in Error*, v. INDIAN RIVER STATE BANK, A CORPORATION, *Defendant in Error*.

1. Upon a writ of error, the respective parties litigant are presumed to have had their day in court and to have had the points at issue between them fairly and impartially tried and determined in accordance with the law of the land. The final judgment rendered in the trial court is presumed to be correct, and this presumption must be met in the appellate court and overcome by the plaintiff in error in order to obtain a reversal of such judgment.

2. When a defendant is sued in a personal action, the subject-matter of which is within the jurisdiction of the court issuing the process, in a county other than the one in which he resides or the cause of action accrued, he can waive the privilege given by statute, and where he does not insist upon such privilege a valid judgment can be rendered against him. A corporation can waive the statutory privilege, like a natural person. Where the record shows that the defendant, whether a natural person or a corporation, has had the opportunity of raising and presenting such statutory privilege and has appeared and pleaded to the merits or has suffered a default to be entered by failing to appear and plead at all, such defendant will be presumed to have waived the privilege conferred by statute and will be concluded by the final judgment rendered in the cause.

3. In an action at law brought against a defendant, whether against a natural person or a corporation, in a county other

than that in which the defendant resides, or where the defendant, if a corporation, has or usually keeps an office for the transaction of its customary business, where the affidavit required by section 1383 of the General Statutes of 1906 is filed, in which it is expressly stated that the "suit is brought in good faith in the county in which the cause of action accrued," where there is no bill of exceptions in the transcript, consequently the evidence adduced at the trial is not brought before the appellate court for consideration, such court cannot assume that such action was brought in a county other than that in which the cause of action accrued, especially where the transcript expressly recites that, at the term of court at which the case came on for trial, "came the respective parties by their attorneys and submitted said cause," and it does not appear that the defendant objected to proceeding with the trial or questioned the jurisdiction of the court in any way.

4. The judgment entered in any action must follow the verdict and conform to the pleadings. In an action brought by several parties as plaintiffs where the verdict rendered by the jury therein is in favor of the plaintiffs, but who are not named, it is erroneous to enter judgment in favor of only one of the plaintiffs. In the absence of a complete record, an appellate court cannot declare that such error was due to a misprision of the clerk, but will reverse the judgment, in order that a proper judgment may be entered on the verdict rendered.

This case was decided by Division A.

Writ of error to the Circuit Court for Brevard County.

The facts in the case are stated in the opinion of the court.

*Baker & Baker,* for Plaintiff in Error;

*Geo. M. Robbins,* for Defendant in Error.

SHACKLEFORD, J.—The Indian River State Bank, a corporation, Joseph P. Brown, as Sheriff of Brevard County,

and William Pritchett and Henry E. Pritchett, as partners, doing business under the firm name and style of Pritchett Bros., as plaintiffs, brought an action at law upon an injunction bond against the Baker & Holmes Company, a corporation, as defendant. As is disclosed by the transcript, on the 12th day of July, 1910, a preacipe for summons *ad respondendum* was filed, and on the same day the following affidavit:

"State of Florida
County of Brevard
On the 12 day of July, 1910, personally came before me Geo. M. Robbins, attorney for the plaintiffs and being duly sworn made oath that the above entitled suit is brought in good faith in the county in which the cause of action accrued, and with no intention of annoyance to the defendants.

Geo. M. Robbins
Attorney for the Plaintiffs.
Sworn to and subscribed before me the date above written.

(Seal of Notary Public)

Percy G. Walton
Notary Public."

On the 14th day of July, 1910, service of the summons was made on the defendant by the Sheriff of Duval County. On the 12th day of July, 1910, the plaintiffs filed their declaration, and on the 2nd day of September, the plaintiffs filed a motion for default, which omitting the purely formal parts, is as follows:

"Comes now the plaintiffs by Geo. M. Robbins, their attorney and shows the court that summons issued in the above cause on July 12, 1910, and the return of the Sheriff thereon shows that service thereof was made July 14, 1910, by delivering a true copy to J. D. Holmes, President

of the defendant corporation, the Baker & Holmes Co. That no appearance was entered by defendant on the return day of said summons, the rule day in August, 1910, nor has any been entered to this 2nd day of September, 1910. That the declaration was filed July 12, 1910, and that the Sheriff of Duval County, who made the service did not return the summons into the clerks office till after the August rule day. Wherefore plaintiffs move the court to enter a default against the defendant for its failure to appear."

Upon this motion the court made the following order:

"The foregoing motion coming on to be heard this 2nd day of September, 1910, and the facts therein stated appearing by the files of the cause, it is ordered that said motion be granted and that the defendant, Baker & Holmes Company, a corporation, be and the same is hereby adjudged in default and plaintiff has leave to proceed to final judgment according to the rules and practice of the court.

Done and ordered at Chambers at Titusville, Florida, this 2nd day of September, 1910."

The transcript also recites that "on the 3rd day of November, 1910, at a term of said court, came the respective parties by their attorneys and submitted said cause, on the default entered therein, to a jury, who were duly sworn according to law, and who, having heard the evidence, the charge of the court, returned the following verdict:"

"We the jury find for the plaintiffs and assess the damages at One thousand dollars.

S. E. Rice, Foreman."

Upon this verdict the following final judgment was entered:

"Indian River State Bank, a Corporation
under the laws of the State of Florida,
                    vs.                    Action on a Bond.
Baker and Holmes Company, a Corpora-
tion under the laws of the State of Florida.

The jury having rendered a verdict for the plaintiff in the above cause and assessed its damages at One Thousand Dollars. It is thereupon ordered and adjudged by the court that the plaintiff, The Indian River State Bank, a corporation under the laws of the State of Florida do have and recover of and from the defendant, Baker and Holmes Company, a corporation under the laws of the State of Florida the sum of One Thousand Dollars, its damages in this behalf sustained together with its costs in this behalf expended and which are here taxed at Five and 69/100 Dollars for which let execution issue."

The defendant has brought this judgment here for review by writ of error. Three errors are assigned, which are as follows:

"1. That the court erred in entering the default judgment in said cause.

2. That the court erred in assuming jurisdiction in said cause as the record of the proceedings shows that neither the defendant, the plaintiff in error, resided in Brevard County, nor that the cause of action accrued in said Brevard County.

3. That the court erred in entering the final judgment in said cause (1) because the final judgment varies from the judgment by default; (2) because the plaintiff amended its writ after the default judgment without notice to defendant; (3) because the record shows no proceedings entitling the Indian River State Bank, the defendant in error, to a final judgment; and (4) for other

reasons appearing in the record of the proceedings in said cause."

The first two assignments are argued together, and we shall so consider them. It is earnestly contended by the plaintiff in error that the record "affirmatively shows that (1) the defendant did not reside in Brevard County, (2) the cause of action did not accrue in that county," and that the cause of action being for damages upon a bond, no property could be said to be involved in the action. To this contention we cannot agree. There is no bill of exceptions in the transcript consequently the evidence adduced at the trial is not before us for consideration. As was said in Dibble v. Truluck, 11 Fla. 135, text 137, "The law having intrusted to the courts the administration of justice, it is always presumed that every tribunal by whom a cause has been tried has done what was right, unless the contrary appears upon the records of its proceedings; nor, unless this does appear, will an appellate court reverse or interfere with the decision of an inferior tribunal." Also see Frisbee and Johnson v. Timanus, 12 Fla. 537, text 543; McKinnon v. Lewis, 60 Fla. 125, 53 South. Rep. 940; Covington v. Clemmons, 61 Fla.      ,      South. Rep.

There does appear in the transcript the affidavit of the attorney for the plaintiffs, which we have copied above, required by Section 1383 of the General Statutes of 1906, in which it is expressly stated that the "suit is brought in good faith in the county in which the cause of action accrued." We have held that "When a defendant is sued in a personal action, the subject-matter of which is within the jurisdiction of the court issuing the process, in a county other than the one in which he resides or the cause of action accrued, he can waive the privilege given by statute, and where he does not insist on it a valid judgment can be rendered against him." Curtis and Shaw v. Howard, 33 Fla. 251, 14 South. Rep. 812. We also said therein, "But

112      SUPREME COURT OF FLORIDA.

Baker & Holmes Co. v. Indian River State Bank—Opinion of Court.

the record should show that the defendant has had the opportunity of presenting, and has in some way waived his privilege under the statute, of being sued in his home county. If he appears and pleads to the merits, or if he fails to appear and plead at all, he is concluded by the judgment rendered against him, on the principle that he has waived his privilege of being sued in his home domicile." Also see E. O. Painter Fertilizer Co. v. DuPont, 54 Fla. 288, 45 South. Rep. 507. We have not lost sight of the facts that the defendant in the instant case is a corporation or of the provisions of Section 1386 of the General Statutes of 1906, relating to suits agaitns corporations, but that a corporation, like a natural person, can waive the privilege conferred by the statute, see State *ex rel.* Floral City Phosphate Co. v. Hocker, 33 Fla. 283, 14 South. Rep. 586. Neither have we lost sight of the fact that in the case of Curtis and Shaw v. Howard, *supra,* service of the summons was made upon the defendant in Leon County, where such summons was issued, whereas, in the instant case, the summons issued in Brevard County and was served in Duval County. See the discussion in Chapman v. Reddick, 41 Fla. 120, 25 South. Rep. 673, as to the constitutionality, of the statute, authorizing summons *ad respondendum* to issue from a Circuit Court of one county to be served upon a defendant in another county. We have carefully examined the case of Sanchez v. Haynes, 35 Fla. 619, 18 South. Rep. 27, cited and relied upon by the plaintiff in error, but are of the opinion that it fails to support the contention urged before us. As we have already said, we cannot say that the record in the instant case affirmatively shows that the cause of action did not accrue in Brevard County, so that the service upon the defendant was a nullity, and therefore the Circuit Court for Brevard County failed to acquire jurisdiction over the person of the defendant, so as to authorize the

entry of the default and the final judgment. We also call attention to the fact, as already appears from what we have copied above, that the transcript expressly recites that, at the term of court at which the case came on for trial, "came the respective parties by their attorneys and submitted said cause," yet it does not appear that the defendant objected to proceeding with the trial or questioned the jurisdiction of the court in any way. The first two assignments must be held not to have been sustained.

We pass now to the consideration of the third assignment, which we have copied above. We shall not discuss the four subdivisions or grounds of this assignment in detail. There is nothing in the transcript to show that "the plaintiff amended its writ after the default judgment without notice to defendant." It does appear therein that the Indian River State Bank, a corporation, Joseph P. Brown, as Sheriff of Brevard County, and William Pritchett and Henry E. Pritchett, as partners, doing business under the firm-name and style of Pritchett Bros., as plaintiffs, brought the action against the defendant, Baker & Holmes Company, a corporation, that a default was entered in such action against the defendant, that said cause was submitted for trial to a jury, that a verdict was rendered in favor of "the plaintiffs," and that final judgment was rendered in favor of the Indian River State Bank, a corporation, as sole plaintiff. The defendant in error contends that the judgment was so entered by a misprision of the clerk and insists "that the order of this court should be that the circuit court correct the judgment to conform to the pleadings and verdict, and that the judgment be thereupon affirmed." If we could declare that it had clearly been made to appear to us that the judgment so entered was due to a misprision of the clerk, we would be warranted in pursuing the course suggested, as the au-

thorities cited by the defendant in error, Seaboard Air Line Railway v. Harby, 55 Fla., 555, 46 South. Rep., 590, and 1 Freeman on Judgments (4th ed.), section 71, would be in point. Unfortunately for the defendant in error, we are not in a position to so declare, as we have only a partial and incomplete record before us. The judgment is clearly erroneous, since it is elementary that any judgment must follow the verdict and conform to the pleadings, but how the error occurred we are not placed in a position to say. It follows that the judgment must be reversed and the case remanded, in order that a proper judgment may be entered on the verdict rendered.

WHITFIELD, C. J., and COCKRELL, J., concur;

TAYLOR, HOCKER and PARKHILL, J. J., concur in the opinion.