# Sloss-S. S. & I. Co. *v.* Weir.

### *Injury to Convict Employee.*

(Decided January 21, 1913.  60 South. 851.)

1. *Negligence; Relation; Complaint.*—While a complaint for neg-ligence need not define the quo modo or specify the particular act of diligence omitted, it must show a relation between the parties out of which a duty grew from the defendant to the plaintiff, and it is incumbent upon a plaintiff to bring himself within the protection of the negligence averred by alleging such relationship as would enable him to recover for simple negligence; that much being averred, the averment that the defendant negligently failed to perform such duty, or performed it negligently, states a cause of action.

[Sloss-S. S. & I. Co. v. Weir.]

2. *Master and Servant; Convict Labor; Fellow Servant.*—As a convict in involuntary servitude is without power to refuse to enter upon the service to which he has been hired out by the state, or to quit, he is not a fellow servant within the fellow-servant rule, and does not assume the risk from negligence of his master's servant.

3. *Same; Duty to.*—A master hiring convict laborers to work in his mine owes them the duty of doing them no willful harm, and of taking reasonable care for their personal safety.

4. *Same; Complaint.*—The complaint averring that plaintiff's intestate was a convict lawfully under the control of the defendant, and being worked by defendant in its mines at the time of the accident and that his death was proximately caused by the negligence of defendant's agent or servant C, while acting within the line and scope of his authority as such, in that he did negligently cause rock or slate, under which deceased was being worked, to remain unsupported, or not sufficiently propped, sufficiently states that such servant or agent owed plaintiff's intestate the duty to prop the rock.

5. *Same; Contributory Negligence.*—Where the complaint averred that plaintiff's intestate was being worked as a convict under an unsupported roof in defendant's mine, a plea of contributory negligence must go beyond the mere averment of negligence as a conclusion, but must aver facts to which the law attaches such conclusion; allegations therein that deceased, with knowledge that the roof of the mine was loose and in danger of falling and injuring him, negligently went under or dangerously near it as a proximate consequence of which the roof fell upon him, was insufficient for a failure to aver that he voluntarily worked there.

6. *Same; Assumption of Risk.*—A convict laborer's work being involuntary he cannot be held to assume the risk of negligence on the part of his master's employee, or of his fellow convicts engaged in the same work.

7. *Same; Evidence.*—The evidence considered and held sufficient to show that another convict was defendant's agent and servant, as to the men under him, including plaintiff's intestate.

8. *Same; Delegation of Authority to Convict Employee.*—A mine operator hiring convicts may entrust to one of the convicts superintendence and authority over his fellow workers as effectively as if there was a voluntary contract of employment instead of enforced servitude; and when a convict has been so constituted a servant and agent for certain purposes the master cannot receive the benefit of such service and at the same time be exempt from liability for the negligence of such servant.

9. *Same; Instructions.*—Where the action was for the death of a convict while being worked in defendant's mine, a charge that if he was working at an unsafe place and was killed as a proximate consequence of being there and if defendant exercised reasonable care to keep such place in a safe condition, plaintiff could not recover was misleading as tending to eliminate the acts of defendant's servant.

10. *Charge of the Court; Covered By Those Given.*—Where the propositions asserted in the refused instructions were contained substantially in the instructions given, no error is shown.

[Sloss-S. S. & I. Co. v. Weir.]

APPEAL from Birmingham City Court.

Heard before Hon. CHARLES A. SENN.

Action by Wm. E. Weir, as administrator of the estate of Willie Price against the Sloss-Sheffield Steel & Iron Company for damages for the death of his intestate while a convict employee in the mines of the defendant. Judgment for plaintiff and defendant appeals. Affirmed.

TILLMAN, BRADLEY & MORROW and L. C. LEADBEATTER, for appellant. The court erred in overruling the demurrer as to the sixth count.—*L. & N. R. R. Co. v. Holland,* 164 Ala. 73; *U. S. etc. Co. v. Driver,* 162 Ala. 588. The defendant's second plea was not subject to demurrer.—*Merriweather v. Sayre M. & M. Co.,* 161 Ala. 441; *Pace v. L. & N. R. R. Co.,* 166 Ala. 519; *Dahlheim v. Lemon,* 45 Fed. 225. The court should have given the affirmative charge as to the sixth count.—*Buckalew v. T. C. I. & R. R. Co.,* 112 Ala. 146; *Echols v. The State,* 48 South. 248. The ninth charge requested by the defendant should have been given.—*Buckalew v. T. C. I. & R. R. Co., supra; Merriweather v. Sayre M & M. Co., supra.*

BONDURANT & SMITH, for appellee. The complaint shows a state of facts to which the fellow servant doctrine is not a defense as a convict servant is not an employee and does not assume the risk of the negligence of a fellow servant.—*T. C. I. & R. R. Co. v. Buckalew,* 112 Ala. 146; *T. C. I. & R. R. Co. v. Garrett,* 140 Ala. 566; *T. C. I. & R. R. Co. v. Smith,* 55 South. 171 and authorities cited. Under these authorities the complaint was sufficient. The plea of contributory negligence was insufficient and the court properly sustained the demurrers thereto.—*Creola*

*Lumber Co. v. Mills,* 149 Ala. 474; *S. S. S. & I. Co. v. Long,* 53 South. 901; *Lockhart v. S.-S. S. & I. Co.,* 51 South. 127. Where matters are admissible under the general issue it is harmless error to strike a plea or sustain demurrer thereto.—*Buford .v. Christian,* 149 Ala. 343; *Shahan v. A. G. S. R. R. Co.,* 115 Ala. 190. Under the above authorities the court was not in error in refusing the charge requested. In any event it was misleading.—*L. & N. R. R. Co. v. Church,* 155 Ala. 335.

DOWDELL, C. J.—This is an action by Weir, as administrator of the estate of one Willie Price, for damages for the death of plaintiff's intestate from injuries received while at work as a convict in appellant's mine. From a judgment in favor of the plaintiff, this appeal is taken by the defendant company.

Appellant's first assignment of error is addressed to the overruling of the demurrer to the sixth count. This count, as amended, was in the following language: "Sixth County. The plaintiff claims of the defendant the sum of $30,000 as damages for that, whereas, heretofore, and on, to wit, the 8th day of December, 1908, the defendant was operating a coal mine at or near Flat Top, Jefferson county, Alabama, and on said day plaintiff's intestate was a convict, and was lawfully in the custody and under the control of the defendant, and on said day was being worked as such convict by defendant in its said mine, when rock, slate, or other hard substance fell upon plaintiff's intestate, so badly crushing and injuring him that he, on, to wit, the 8th day of December, 1908, died as the proximate result of said injuries; hence this suit. And plaintiff avers that his said intestate was lawfully being worked in said mine, as aforesaid, in and about the business of

[Sloss-S. S. & I. Co. v. Weir.]

the defendant; and that the death of his said intestate was proximately caused by reason of the negligence of defendant's agent or servant, one Casey, whose name is otherwise to the plaintiff unknown, while acting within the line and scope of his authority as such, in that he did negligently cause the said rock, slate, or other hard substance to be or remain loose or unsupported, or not sufficiently propped or braced, under which plaintiff's said intestate was being worked, as aforesaid, and because thereof same fell upon him, so badly bruising and injuring him that he died."

The only ground of demurrer which is insisted upon to this count is: "It does not show that said servant or agent owed plaintiff's intestate the duty to prop or brace the rock."

It is not necessary to cite authorities to sustain the general proposition that every complaint for negligence must show a relation between the parties out of which arises a duty owing from the defendant to the plaintiff. While a complaint need not define the quo modo, or specify the particular acts of diligence omitted, yet, when simple negligence constitutes the cause of action, it is incumbent upon the plaintiff to bring himself within the protecton of the negligence averred by alleging such a relationship as would enable him to recover for simple negligence. That much being shown, the averment that the defendant negligently failed to do and perform the act imposed by duty, or performed it in a negligent manner, sufficiently states a cause of complaint. These general rules of pleading are easily grasped and generally accepted, but some difficulty arises in their application to the varying language and averments of the many pleadings coming before the courts for construction and decision as to their sufficiency.

In support of its contention the appellant cites the case of *United States Co. v. Driver,* 162 Ala. 580, 50 South. 118. The averment of negligence in that case was: "And the plaintiff avers that he was hurt and damaged, as aforesaid, by reason of, and as a proximate consequence of, the negligence of defendant's master mechanic or foreman, Ed. Niece, in this: Said Niece knew that the plaintiff was a boy without experience, and that said place was dangerous or hazardous for one of plaintiff's age and experience; but, notwithstanding said knowledge on the part of said Niece, he negligently failed to notify or instruct plaintiff of the danger incident thereto." It was held in that case that said count was subject to the demurrer, first, for the reason that if said count was drawn under the employer's liability act it failed to allege that the master mechanic had "any superintendence intrusted to him while in the exercise of such superintendence"; and second, if the complaint was based on the common law, the damages were claimed for the failure of such master mechanic to instruct the plaintiff as to the danger incident to the work, without alleging that the master mechanic was charged with that duty. It might be added that it does not appear from said count that the master mechanic was not a fellow servant; nor does it appear that he was a vice principal or alter ego of the defendant.

It will be observed that, under the facts postulated by the count here in question, the plantiff's intestate was not a fellow servant. Being a convict, he was in involuntary servitude, with no power to refuse to enter upon the service, or to quit it. He was a prisoner in the custody of the defendant, as his keeper; and the defendant, while authorized to work him in the mine, owed him the duty of doing him no willful harm, and

of exercising reasonable care for his personal safety. Whatever may have been the dangers of the service or the incompetency of the defendant's agents or servants, he had no option to quit. Thus the doctrine of assumption of risk from the negligence of fellow servants does not apply. "Wherefore, if the defendant, or any officer or servant of the defendant, acting within the scope of his employment, either willfully or negligently did the intestate an injury, the defendant was responsible therefor."—*Buckalew v. T. C., I. & R. Co.,* 112 Ala. 146, 20 South. 606; *Sloss-Sheffield S. & I. Co. v. Long,* 169 Ala. 337, 53 South. 910, Ann. Cas. 1812B, 564.

Nor are the averments of this sixth count so meager in other respects as were those in the *U. S. Co. v. Driver Case, supra.* In addition to averring that the plaintiff's intestate was a convict lawfully under the control of the defendant, and being worked by the defendant in its mine, in and about the defendant's business, at the time of his injury, it is further averred that his death was proximately caused by the negligence of defendant's agent or servant, Casey, "while acting within the line and scope of his authority as such, in that he did negligently cause," etc. In the case of *Sloss-Sheffield S. & I. Co. v. Long,* 169 Ala. 337, 53 South. 910, Ann. Cas. 1912B, 564, the complaint avers that Cook, while acting within the scope of his employment, as a servant of the defendant, negligently ordered the plaintiff to hitch up a wild or untrained or dangerous mule to a coal car, etc. It was held that the averment that the servant Cook "negligently ordered" would be broad enough to impute to Cook a knowledge that the mule was wild or dangerous; otherwise the order would not have been "negligently" given. It was further said in that case: "If Cook was acting within the scope of his authority in giving the order,

the plaintiff, being a convict, had to comply therewith; and it was as much the duty of the master to furnish safe stock, when used in connection with its business, as it would be to furnish safe tools; and if Cook ordered the plaintiff to use an unsafe mule, knowing that it was unsafe, or without exercising ordinary care to ascertain that it was safe, he would be guilty of negligence for which the defendant would be liable to this plaintiff, who does not sue under the statute as an employee, but under the common law."

It was held, in the case of *American Bolt Co. v. Fennell*, 158 Ala. 484, 48 South.. 97, that a complaint which alleges that, while plaintiff was walking on the sidewalk of a public street, where he had the right to be, he was struck from behind by a team driven by defendant's servant and run over, and that his injuries were due to the negligence of defendant's servant, was good as against a demurrer for failure to show a violation of duty toward plaintiff. With regard to the import of the allegation in one of the counts in that case, that the defendant's servant was "acting within the line and scope of his duty," this court repelled the suggestion that this meant that it was within the line and scope of his duty to run over the appellee. In that connection it was said by this court: "That expression means simply that, while acting within the line and scope of his duty, to wit, driving the dray in the business of the master, he performed that duty so negligently and carelessly as to cause the injury."

No argument is needed to show the application of these principles to the said sixth count in the case at bar. It is manifest that the court below committed no error in overruling the demurrer.

The second assignment of error is based on the action of the court in sustaining the demurrer to defend-

ant's second plea. This second plea is identical with the eighth plea in the case of *Merriweather v. Sayre Mining & Mfg. Co.,* 161 Ala. 441, 49 South. 916, which was held good in that case as a plea of contributory negligence, and very properly so. But the plaintiff's intestate in that case was not shown to have been a convict. The contributory negligence attempted to be set up in this plea is "that said plaintiff's intestate, with knowledge that a part of the top or roof of said mine was loose and was in danger of falling, and with knowledge that, should the same fall when he was under or dangerously near the same, injury would result to him, nevertheless, said intestate negligently went under or dangerously near the same, whereby and as a proximate consequence of which said roof or top of said mine fell upon him, and so injured him that he died." This plea, as pointed out in the demurrer, does not set up a sufficient defense as against a complaint for damages for injury to a convict working by compulsion, with no option to enter upon or to quit the service. Contributory negligence implies the existence of freedom of choice. To have constituted this a good plea to the complaint here, in addition to averring that plaintiff's intestate, with knowledge of the danger of the roofs falling, *negligently* went under it, the plea should have averred that he voluntarily did so, as an act which could properly charge a free man with negligence might not be evidence of negligence at all, when done by a prisoner engaged in forced labor. The complaint charges that the plaintiff was being worked as a convict under the unsupported roof—involuntary servitude—and it is not a sufficient reply to say that he knew of the dangerous condition, and that it was negligence for him to work there. It has often been held by this court that a plea must go beyond a mere

averment of negligence as a conclusion, and must aver facts to which the law attaches that conclusion. That such a plea as was held good in the case of *Merriweather v. Sayre Mining Co., supra,* is not good in answer to a complaint like the one at bar, for injury to a convict, is distinctly held in the case of *Sloss-Sheffield Co. v. Long,* 169 Ala. 337, 53 South. 910, Ann. Cas. 1912B, 564, above cited. That case concedes that a convict might be guilty of contributory negligence by performing in a hazardous way an order which might have been complied with in a safe way; and, indeed, it is not at all necessary to the soundness of our holding in the instant case to presume that a convict is entirely deprived of all freedom of action, and that he is controlled in every movement of body and mind by those in whose lawful custody he is. Whether a particular act is voluntary or under compulsion is a quality that may well vary with each different case. Confining our present ruling to the case in hand, we are clearly of the opinion that the court below was without error in sustaining the demurrer to the second plea.

The third assignment of error is based upon the refusal by the court to give the affirmative charge for the defendant under the sixth count, as amended. As has already been seen, this count avers that the death of the intestate was proximately caused by the negligence of one Casey, defendant's "agent and servant." It appears from the evidence that Casey was also a convict; and the contention of appellant is that, being a convict, Casey could not be defendant's agent and servant. It is true that, as was held in *Buckalew's Case,* the relation of master and servant, in its full scope of legal rights and liabilities, does not exist between the hirer and the convict. Casey himself being a convict could not be held to have assumed the risk of negligence on

the part of defendant's employees in the mine, nor of his fellow convicts at work in the mine, for that matter. See *Buckalew's Case,* 112 Ala. 146, fourth headnote, 20 South. 606. But in the *Buckalew Case* it was held that the negligence causing the injury sued for could be predicated upon the acts of one George Miller, also a convict, who was put in charge of a crew consisting of himself, as boss, and two other negroes and the deceased. There was abundant evidence in the case at bar that Casey was a checkrunner, and intrusted with a measure of superintendence by the defendant; that defendant's bank boss, Mr. Thomas, had instructed Casey to take charge of the check and the men in a certain room, where the intestate was working, and told them to do what he said, in intestate's presence, and that it was Casey's duty to see after the timbering and propping and look after the safety of the men when Thomas was absent; that Thomas was head bank boss, and had charge of the men and their work in the mine, the safety of the men, and of their working places. There was, then, unmistakably, evidence showing that Casey was, so far as the men under him were concerned, defendant's agent and servant. He certainly had authority delegated to him to do something in the name and stead of the principal. It goes without saying that a defendant hirer of convicts can intrust superintendence and authority to some of the more competent convicts over their fellow workers just as effectively to serve its purpose as if there existed a voluntary contract of employment, instead of enforced servitude. And when such hirer so constitutes a convict as its agent and servant for certain purposes, it cannot receive the benefit of such service and at the same time exempt itself from liability for the negligence, if any, of such constituted agent. The affirmative charge under this count was properly refused.

The fourth assignment of error is waived by brief of counsel for obvious reasons, and the fifth and last assignment is based upon the refusal by the court of the ninth charge, which was in the following language: "If you believe from the evidence that plaintiff's intestate was working at an unsafe place and met his death as a proximate consequence of being there, if you also believe from the evidence that defendant exercised reasonable care in keeping such place in a safe condition, then you cannot find for the plaintiff on account of such place being unsafe" This charge could well have been refused upon the ground that it was misleading. It tends to eliminate the acts of defendant's servants in the premises. As was said of the sixth charge in the case of *L. & N. R. R. Co. v. Church,* 155 Ala. 335, 46 South. 459, 130 Am. St. Rep. 29: "If not otherwise bad, it was calculated to mislead the jury to believe that they could not find for the plaintiff, unless the accident was foreseen or anticipated by the defendant or the Pullman Company; that there must have been corporate negligence, regardless of the acts or omissions of its servants." Furthermore, the appellant had the substantial benefit of the proposition contained in this charge in some of the given charges, one of which instructed the jury that "the defendant was not the insurer of the safety of plaintiff's intestate; and if you believe from the evidence that defendant exercised reasonable care in caring for the safety of said intestate you must find for the defendant."

We find no reversible error in the record, and the judgment of the lower court is affirmed.

Affirmed.

ANDERSON, MAYFIELD, and DE GRAFFENRIED, JJ., concur.