# Haigler *v.* Sloss-Sheffield Steel & Iron Company.

## *Injury to Servant.*

(Decided May 14, 1914.  Rehearing denied June 24, 1914.
65 South. 801.)

*Master and Servant; Injury to Servant; Plea; Sufficiency.*— Where the action was for the wrongful death of a convict laborer, killed by a mine car, it will not be inferred that deceased was in such close confinement that he could not have avoided the accident; hence, a plea alleging that deceased was familiar with the track and was aware of the approach of the car which struck him, and although there was room on either side of the track, he negligently failed to get off the track, is sufficient to present the defense of contributory negligence.

APPEAL from Jefferson Circuit Court.

Heard before Hon. E. C. CROWE.

Action by Willie Haigler as administrator against the Sloss-Sheffield Steel & Iron Company, for damages to his intestate while engaged in the service of such company as a convict laborer. From a judgment overruling demurrers to pleas plaintiff appeals. Affirmed.

W. A. DENSON and W. H. & J. R. THOMAS, for appellant. The pleas were defective and subject to the grounds of demurrer interposed.—*Selma S. & S. Ry. Co. v. Owen,* 132 Ala. 428; *Sloss-Sheffield v. Weir,* 60 South. 854; *Osburn v. Ala. S. & W. Co.,* 135 Ala. 575; *St. L. & S. F. v. Phillips,* 165 Ala. 511.

TILLMAN, BRADLEY & MORROW and JOHN S. STONE, for appellee. Rulings on demurrer cannot be reviewed where the demurrers do not appear in the transcript.— *Merrill v. Sheffield Co.,* 169 Ala. 242, and cases cited. The court properly overruled the demurrers to the pleas in any event.—*Sloss-S. Co. v. Long,* 169 Ala. 339; *Same v. Weir,* 60 South. 854; *Reiter-C. v. Hanlon,* 144 Ala. 213; *Pace v. L. & N.,* 166 Ala. 525.

SAYRE, J.—The complaint alleges that plaintiff's intestate, while in a mine of defendant, and in the custody of defendant in a state of involuntary servitude as a convict, was killed by the negligence of defendant in this: That servants or agents of defendant negligently caused a car to run against and kill said intestate.

The substance of the plea of contributory negligence numbered 2—the plea to which we suppose appellant intended to address his argument—is that the car was being drawn along a track by a cable attached to a drum near the opening of the mine, which intestate knew; that the track was on the slope leading out of the mine; that the slope at the place where intestate was struck by the car was unobstructed for a distance of five feet on either side of the track; and that intestate, being on the track at the place where he was struck, "and being aware that the said car was approaching said place and was in dangerous proximity thereto, negligently failed to get off said track before said car struck him."

Prime among the reasons assigned why the plea should have been held bad is the fact that it fails to aver that plaintiff "voluntarily" failed to get off the track.—*Sloss-Sheffield Co. v. Weir*, 179 Ala. 227, 60 South. 854, is cited as authority. If plaintiff had been a person free to control his own actions, we take it the sufficiency of the plea would have been beyond cavil. The same must be true in plaintiff's case as it is, unless it be presumed that his involuntary servitude so shackled his will and power of locomotion that he could not get off the track when he saw the car approaching within dangerous proximity. There was nothing in the nature of plaintiff's servitude or in the power or interest of his custodian to warrant a presumption that plaintiff while at labor in a coal mine in the circumstances stated in the plea was so narrowly confined as to leave no room for the operation of the right and instinct of self-preservation against sudden and momentary perils, and we think it should not be indulged.

*Sloss-Sheffield Co. v. Weir, supra,* presented a case somewhat different. In that case plaintiff's intestate was put to work in a mine under rock or slate which defendant negligently allowed to remain without support. It was held in effect that intestate's knowledge of the condition did not imply an assumption of the risk nor contribution to the result, unless his presence under the rock or slate was voluntary. But we apprehend that, notwithstanding his involuntary presence there, if it had been possible in the nature of things for intestate in that case to see the rock after it began to fall, and then to have avoided injury by stepping to one side, these facts, along with intestate's failure to avoid the injury, properly pleaded and proved, would have presented a good defense of contributory negligence.

Construing the plea before us reasonably, without resort to far-fetched inference against it, but rather with a view to the commonly understood necessities of intestate's situation and conduct in respect to passing cars, if he was put upon the track to "work," not to be "killed," we think it is without the reason and authority of *Sloss-Sheffield Co. v. Weir, supra.* The allegation that plaintiff's intestate "negligently" failed to get off the track in the circumstances shown by other averments of the plea sufficiently excluded the inference that he was at the moment held upon the track by physical bonds or at the command of his custodian, and that the court below did not err in overruling the demurrer to the plea.

So as to pleas 3 and 4.

Affirmed.

ANDERSON, C. J., and McCLELLAN and DE GRAFFEN-RIED, JJ., concur.

