(80 South. 354)

## RED FEATHER COAL CO. v. MURCHISON. (2 Div. 656.)

(Supreme Court of Alabama. Nov. 14, 1918. Rehearing Denied Dec. 19, 1918.)

1. **MASTER AND SERVANT** ⬅262(4)—**CONTRIBUTORY NEGLIGENCE — VOLUNTARY USE OF DANGEROUS WAY.**

In father's action for death of son while working in coal mine as convict, pleas that decedent was killed while negligently using dangerous passageway, not alleging that his use of way was voluntary, were demurrable, until amended to allege voluntary character of use.

2. **APPEAL AND ERROR** ⬅878(3) — **CLAIM OF ERROR BY SUCCESSFUL PARTY.**

On defendant's appeal, successful plaintiff cannot argue that amended pleas answering the complaint were bad.

3. **DEATH** ⬅14(2)—**DEATH OF CONVICT SERVANT—RIGHT OF ACTION.**

Where convict, under some arrangement with state, was forced by coal company, or its agents or servants, within scope of authority, to labor in its mine against his will, such convict's father could recover for his death, negligently caused.

4. **MASTER AND SERVANT** ⬅243(12)—**RULE OF EMPLOYMENT—APPLICATION TO CONVICT LABORER.**

Rule of coal mining company which applied to employés did not apply to convict laborer to render good company's plea in action for his death that decedent was killed while violating rule.

5. **MASTER AND SERVANT** ⬅243(5)—**RULE OF EMPLOYMENT—INJURY WHILE VIOLATING—WAIVER OF RULE.**

If servant violates known rule, he cannot recover, but rule, if so impractical it cannot be executed, is to be treated as waived, which is also case if master knowingly allows it to be habitually violated.

6. **DEATH** ⬅23—**VIOLATION OF RULE OF EMPLOYER—CONVICT LABORER.**

If convict laborer in coal mine was killed while violating rule of employer designed to promote safety, his father had no right of action.

7. **MASTER AND SERVANT** ⬅263 — **INJURIES TO SERVANT — EXCUSING OR JUSTIFYING NONCONFORMITY WITH RULE—REPLICATION.**

If any cause intervened to prevent or excuse nonconformity by deceased servant with rule of employment, such cause is special matter of excuse or justification, which must be set up by replication in action for his death.

8. **MASTER AND SERVANT** ⬅264(9)—**DEATH OF SERVANT—VIOLATION OF RULE BY OTHERS—EVIDENCE.**

In action for death of convict miner, in absence of special replication setting up matter to excuse decedent's nonconformity with rule of employer prohibiting use by servants of slope where he was killed, evidence of plaintiff's witness as to use of slope by other servants *held* inadmissible.

Appeal from Circuit Court, Bibb County; B. M. Miller, Judge.

Action by D. M. Murchison against the Red Feather Coal Company, for damages for the death of plaintiff's minor son, caused by a car or tram of defendant's being run over him while engaged in labor as a convict in defendant's mine. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

The complaint alleged, in effect, in count 1, that plaintiff's son, a minor, was being forced to work in the mine of defendant by the defendant, or agents of the defendant acting within the line and scope of their employment, and that while so working there defendant negligently allowed or caused a tram or car to run over plaintiff's minor son, thereby proximately causing his death. In count 2 the allegation is made that plaintiff's minor son was being worked in said mine as a convict, under some kind of arrangement with the state of Alabama, and that the injury occurred as set out in count 1, causing his death. Count 3 was the same as 2, except it charged wantonness.

The following pleas are referred to: Pleas 2, 3, 4, 5, 6, were pleas of contributory negligence, and each contained this allegation:

That if there was a manway prepared by the defendant for the use of its employés in going to and from their work in said mine, and the deceased negligently used the slope of said mine as a passageway to and from said work, which said slope was parallel to said manway and about 10 feet distant therefrom, and on said slope was a track on which empty cars were let down into said mine and loaded cars of coal were brought up from said mine over said track, and said cars were rapidly operated over said track so that it was obviously dangerous for persons to walk up and down said slope, the defendant avers that the deceased voluntarily used said slope as a passageway from his work out of said mine.

Plea 2 was that he knew or was informed of a safe way, and used a dangerous way.

(3) He was warned of the danger of using the slope to travel upon.

(4) He was notified of the danger of traveling upon the slope.

(5) Defendant had provided a safe way, and plaintiff's son negligently failed to use the safe way.

(6) It was obviously dangerous to use said slope, but, notwithstanding this, the plaintiff's son voluntarily used said slope.

Plea 7 is as follows:

(7) At the time of the alleged injuries for which this suit was brought there was a rule in force in said mine forbidding employés from using the slope as a passageway to and from the work in said mine, which rule was known to the deceased, and defendant avers that the deceased disobeyed said rule and voluntarily attempted to go on said slope, where he knew trips of cars

were constantly passing rapidly, and knew that it was dangerous to so use said slope, and as a proximate consequence of such negligent conduct on the part of the deceased he received his alleged injuries.

The following assignments of error are referred to in the opinion:

(13) Overruling the defendant's objection to the following question propounded by plaintiff to his witness Dartey: "Did he see these people using that slope going in and out of there?"

(14) Overruling the defendant's motion to exclude the answer of said witness.

(15) In overruling the defendant's objection to the following question propounded by plaintiff to the same witness: "Which way did Murray Lane go in and out while he was there?"

(16) Overruling defendant's motion to exclude the answer of said witness.

Lavender & Thompson, of Centerville, for appellant.

Riddle & Riddle, of Talladega, for appellee.

SAYRE, J. [1-3] The decision in Sloss-Sheffield Co. v. Weir, 179 Ala. 227, 60 South. 851, supports the proposition that the trial court committed no error in sustaining the demurrer to original pleas 2 to 6, both inclusive, and that these pleas, as amended by the addition of the averment that plaintiff's intestate voluntarily used the dangerous way —the judgment entry shows that plea 2 was amended along with the rest, but the amendment set out in the record does not purport to affect plea 2—sufficiently answered counts 1 and 2 of the complaint, as the trial court ruled. The pleader, while framing his complaint with a view to realizing full advantage of the fact that plaintiff's intestate was not a free agent, was at pains to avoid the allegation that intestate was held to labor in defendant's mine as a convict, and argues now that the amended pleas too were bad; but this argument, coming from a successful plaintiff, needs no refutation. Speaking to the errors assigned by defendant, it is sufficient to state our opinion that the allegation that plaintiff's intestate "was being forced by the defendant, or the agents or servants of the defendant, acting within the line and scope of their authority as such, to labor in said coal mine for the defendant, against his will," appearing in the first count, and substantially the same allegation in the second count of the complaint, suffice to bring the case fairly within the influence of the decision noted above. In reaching this conclusion we have not overlooked Haigler v. Sloss-Sheffield Co., 187 Ala. 559, 65 South. 801. The circumstances shown in that case serve to differentiate it from the case now under consideration.

[4] The ruling against original plea 7 is to be justified on the ground that defendant's rule therein alleged applied to employés, whereas, according to the complaint, plain-tiff's intestate was not an employé, nor did the plea take issue upon this averment of the complaint. In King v. Woodward Iron Co., 177 Ala. 487, 59 South. 264, upon which appellant relies in this connection, the plaintiff was not held to involuntary servitude, as was the plaintiff's intestate here, was an employé, a free agent.

[5-8] Judge Thompson (5 Thomp. Neg. § 5395) states a manifestly reasonable rule of law as follows:

"If a servant violates known rules devised and promulgated by the master to promote his safety, and is injured in consequence of such violation, he cannot make his own fault the ground of recovering damages from his master, but must take the consequences of his disobedience, his folly, or his recklessness."

This rule is maintained by the authorities generally (note ubi supra) and is the well-settled law of this state. Georgia Pacific v. Propst, 83 Ala. 518, 3 South. 764; Columbus & Western v. Bridges, 86 Ala. 448, 5 South. 864, 11 Am. St. Rep. 58; Rome & Decatur v. Chasteen, 88 Ala. 591, 7 South. 94; Pryor v. Louisville & Nashville, 90 Ala. 32, 8 South. 55; Louisville & Nashville v. Hawkins, 92 Ala. 241, 9 South. 271; Louisville & Nashville v. Mothershed, 97 Ala. 261, 12 South. 714; Louisville & Nashville v. Mothershed, 110 Ala. 143, 20 South. 67; Brown v. Louisville & Nashville, 111 Ala. 275, 19 South. 1001; Shorter v. Southern, 121 Ala. 158, 25 South. 853. Defendant pleaded in defense—to state roughly the matter of defense—that plaintiff's intestate had voluntarily disobeyed its rule prohibiting the use of the slope and commanding the use of the manway, which rule was known to plaintiff's intestate, and the case went to the jury on this plea. This plea was proved without contradiction, and defendant was entitled to the general affirmative charge which it requested in due form. It is true that, if the rule, the disobedience of which is charged as contributory negligence, is so impracticable that it cannot be carried into execution, then, in the case of a servant at least, it is to be treated as waived by the master. It is also true that, if the master knowingly suffers his rule to be habitually violated by his servants, its observance is to be treated as waived by the master, and he will not be permitted to set up a violation as contributory negligence in an action against him by the servant. 5 Thomp. Neg. §§ 5397, 5404. The reason of the rule stated first above would make it applicable to the case of a person held to service, as was plaintiff's intestate in this case, and as to such person the master may waive a rule designed to conserve the safety of those under his command. Further along this line we need not go at this time, for there was no special replication to defendant's said plea, and the law of this court, in accord with an universally accepted prin-

ciple of the common law, is that if any cause intervenes to prevent or excuse conformity with a rule, such cause is special matter of excuse or justification, which must be set up by replication and proved by the party relying upon it. Louisville & Nashville v. Mothershed, 110 Ala. 154, 20 South. 67; Brown v. Louisville & Nashville, 111 Ala. 289, 19 South. 1001. In the absence of a special replication of the character indicated, the trial court erred also in the rulings made the subject of the thirteenth, fourteenth, fifteenth and sixteenth assignments of error.

Other assignments of error require no special notice. The rulings there indicated will hardly recur in their present shape.

Reversed and remanded.

ANDERSON, C. J., and McCLELLAN and GARDNER, JJ., concur.