## SLOSS–SHEFFIELD STEEL & IRON CO. v. BREWER.

(Circuit Court of Appeals, Fifth Circuit. November 6, 1924. Rehearing Denied December 17, 1924.)

### No. 4395.

**1. Master and servant ⬤⇒257—Allegation negligence injured plaintiff while performing duties for defendant held to state cause of action.**

Where simple negligence is basis of action, plaintiff should allege facts showing that he was rightfully in performance of duties assigned to him, and under direction and control of defendant, and allegation that he was injured by defendant's negligence states cause of action.

**2. Master and servant ⬤⇒257—Allegation convict was injured while working for mine owner implied relationship requiring care for convict's safety.**

Allegation that convict, in involuntary servitude in mine, was injured while performing work for mine owner, necessarily implied relationship requiring mine owner to exercise reasonable care for convict's safety.

**3. Master and servant ⬤⇒258(15)—Allegation negligence of mine owner's agent caused injury to convict in service held to warrant recovery.**

Allegation that negligent act of mine owner's agent, operating motor and coal cars, resulted in injury to convict in involuntary servitude in mine, *held* to justify recovery by convict.

**4. Master and servant ⬤⇒286(19)—Evidence negligence of mine owner's agent caused injury to convict in involuntary servitude held sufficient to go to jury, and to warrant verdict for plaintiff.**

Evidence that negligence of mine owner's agent in operating motor and coal cars caused injuries to convict, in involuntary servitude in mine, *held* sufficient to go to jury, and to warrant verdict for plaintiff.

In Error to the District Court of the United States for the Northern District of Alabama; William Q. Grubb, Judge.

Action by Henry Brewer against the Sloss-Sheffield Steel & Iron Company. Judgment for plaintiff, and defendant brings error. Affirmed.

Wm. M. Rogers, Chas. E. Rice, and E. L. All, all of Birmingham, Ala. (Tillman, Bradley & Baldwin, of Birmingham, Ala., on the brief), for plaintiff in error.

J. Reese Murray, of Birmingham, Ala. (James H. Willis, of Birmingham, Ala., on the brief), for defendant in error.

Before WALKER and BRYAN, Circuit Judges, and ESTES, District Judge.

ESTES, District Judge. The plaintiff recovered a judgment for personal injuries received by him when working as a convict in a mine of the defendant. The pertinent

portions of the count on which the case was tried are as follows:

"On the 30th day of January, 1922, the defendant was engaged in the operation of an underground coal mine at or near Flat Top, in Jefferson county, Alabama, and in connection therewith maintained and used a main haulage way, along which tracks were laid, over which tracks empty and coal-laden trips or trains of cars were drawn by means of electric motors operated by the agents of the defendant in that regard. Plaintiff further avers that upon the date aforesaid, he was a convict in said mine, and was lawfully therein, under the control of the defendant, and engaged in and about the business of the defendant. And plaintiff further avers that upon the date aforesaid, in and upon said haulage way, three or four empty cars, constituting part of a train of empty cars attached to an electric motor, were off the track upon which the remainder of said train was standing, and that while he, the said plaintiff, being then and there under the control and direction of defendant, as aforesaid, was engaged in an effort to get said cars back upon the aforesaid track, the electric motor started and dragged the said cars against plaintiff, whereby he was thrown beneath the same and rolled or dragged a great distance. * * * Plaintiff avers that one Spencer, whose name is to plaintiff otherwise unknown, was then and there the agent of the defendant in charge and control of said electric motor, and that all plaintiff's said injuries and damages were proximately caused by reason of the negligence of said Spencer while acting within the line and scope of his authority and duties as such agents, and that said negligence consisted in this: The said Spencer, while acting within the line and scope of his authority and duties as agent as aforesaid, negligently caused or allowed plaintiff to be dragged as aforesaid."

[1] One of the two assignments of error is that the trial court should have sustained a demurrer to this count, upon the ground that it does not allege facts respecting a relationship between the parties that would render the plaintiff in error responsible for simple negligence. The point is made that facts should be set forth to show by what arrangement it was necessary or proper for the defendant in error to be in the mine, and in and about the business he was performing, at the time he was injured.

We do not think the assignment should be sustained. When simple negligence is the basis of the cause of action, the plaintiff

should allege facts that demonstrate that he was rightfully in the performance of duties assigned to him, and under the direction and control of the defendant. In that state of affairs, an averment that he was injured by the defendant's negligence states a cause of action. Sloss-Sheffield Steel & Iron Co. v. Weir, 179 Ala. 227, 60 So. 853.

[2, 3] The allegations here that the defendant in error was a convict, and at the time of his injury was under the control of the plaintiff in error, at work in connection with the business of the plaintiff in error, in an effort to get cars that had been derailed in the haulage way of the mine back upon the track, necessarily imply a relationship that required the plaintiff in error to exercise reasonable care for his safety. The subsequent allegation that the agent negligently caused the motor to move, and the defendant in error to be injured, when so employed, would, if proven, justify a recovery. More than that, there does not appear to have been any controversy during the trial that the defendant in error was lawfully at work in the mine.

[4] It is contended, in the second assignment, that the case should not have been submitted to the jury, and that therefore the trial court erred in refusing, at the close of the testimony, a general affirmative charge requested by the plaintiff in error.

The evidence in behalf of the defendant in error tended to show that this man, with several others, was assigned to work in a narrow space—some three or four feet—between two tracks, on one of which was a train of loaded cars, and on the other a train of empty cars, some of which latter class had been derailed. An effort was being made to put the derailed cars upon the track by pushing them as an aid to the motor, which for some reason, when manipulated by the "trip rider," failed to move them, in consequence of which the regular motorman, who had been at work with the defendant in error, took charge of the motor, leaving the defendant in error and others at their task in the narrow space between the loaded train and the derailed cars. This motorman knew of the position of the parties and of the necessity to move the string forward slowly and gradually. Instead of that, he caused the motor to move backward in order to get slack between the cars, and then started them forward in a way that caused an unusual jerk and rate of speed. This in turn was the cause of the defendant in error falling and sustaining injuries.

The motorman did not at first receive certain signals that were given for him to stop the train. The signals were relayed in some fashion, and finally gotten to him from a man in front of the motor. The delay thus occasioned caused the string of cars to be dragged for an unnecessary distance, with the defendant in error under them. The evidence thus presented, although contradicted in important details by the evidence for the plaintiff in error, in our opinion is sufficient to raise the issues of fact which the trial court, under appropriate instructions, submitted to the jury.

The verdict comprehends a finding that the man on the motor was in fault, either in starting the motor "too fast or too hard," or in failing to stop it in consequence of not getting the signal when he should have gotten it, or, after getting it, in not stopping it within a proper distance. Our conclusion is that there is evidence to sustain these findings, and it follows that there was no error in refusing to give the affirmative charge requested.

It is therefore ordered that the judgment of the trial court be affirmed.